**DOBB v. PERRY.**

No. 2064.

Court of Civil Appeals of Texas. Eastland.

Nov. 15, 1940.

Clark F. Roberds, of Cisco, for appellant.

B. F. Russell, of Baird, for appellee.

LESLIE, Chief Justice.

George A. Perry filed this suit in Callahan County against W. J. Dobbs (doing business as the Dobbs Oil Company), a resident of Dallas County. Dobbs filed a plea of privilege and Perry controverted the same, seeking to hold venue in Callahan County under exception 5 of Article 1995, Vernon's Ann.Civ.St. (written contract performable in a particular county). The plea was overruled.

Perry predicates his suit for alleged damages on failure of Dobbs to drill a test oil well to the Ellenburger formation in Callahan County, the failure to drill which damaged plaintiff.

In substance, the suit grows out of the following facts: W. L. Murrell and W. T. Daniel, looking for a block of acreage upon which to drill a deep test for oil, approached Perry for information concerning such block. He informed them he

had it already assembled but it took an Ellenburger test to get it. He showed the acreage to them and introduced them to the owner. They were favorably impressed and informed Perry they had a "party in Dallas" whom they thought it would suit. Soon thereafter they brought the land to the attention of W. J. Dobbs who approved it and entered into a written contract to drill an Ellenburger test on certain lands situated in Callahan County.

The written contract was signed by W. J. Dobbs "party of the first part" and W. L. Murrell and W. T. Daniel "party of the second part" and it did not bear the name of the plaintiff Perry, or specifically refer to him in its contents.

After Dobbs inspected the acreage the written contract was drawn up in Perry's office in Baird and the original was left with him. Perry, being in the oil business, obtained the required leases on specified forms covering the land. As agreed by all parties, the leases were placed in the First National Bank at Baird to be delivered to Dobbs as soon as he spudded in an oil well on the land. In due time Dobbs began the drilling of such well and thereby obtained delivery of the leases according to understanding. In acquiring and delivering the leases it was discussed and understood by Dobbs, Murrell and Daniel, and Perry, that the latter was to have re-assigned to him a part of the acreage for his services in "getting up the block." Such was true as to Murrell and Daniel, and in due time after delivery of the leases to Dobbs, he reconveyed a part of the acreage to Perry, as well as other parts to Murrell and Daniel. Of the block of 2,589 acres Dobbs reconveyed to Perry three separate tracts aggregating 200 acres.

Upon the faith of an Ellenburger test stipulated for in the contract, Perry sold 120 acres of his leased land for $6 per acre, but had to return $720 when Dobbs breached his contract to drill such test. Plaintiff alleges he could have sold the 200 acres at a market value of $6 per acre had Dobbs kept his contract to drill the test "at a location on said land in Callahan County, Texas".

The damages based on the necessity of returning the $720 (due to the alleged breach of contract) as well as Perry's failure for the same reason to sell the remaining 80 acres are fully alleged in plaintiff's petition made a part of the controverting affidavit. However, the amount

of damages, if any, based on inability to market any tract of acreage as alleged is not now under consideration as that has to do with the final trial of the case on its merits. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675.

We are now concerned merely with the inquiry: Does Perry bring himself by pleadings and testimony within the provision of exception 5 entitling him to prosecute the suit against Dobbs in Callahan County?

██ It is first contended that the court erred in admitting the contract in evidence "for the reason that the plaintiff's name appeared nowhere in said instrument, nor was plaintiff a party to the contract." This was the only objection made to the introduction of the contract. As pointed out, there were pleadings and proof that the contract was for the benefit of Perry, although his name did not appear thereon. In that state of the record, the particular objection made did not exclude the contract, nor can the objection made be extended to cover objections not made but which might have been tenable. A specific objection which has been overruled will be effective as a ground of complaint on appeal only to the extent of the grounds named. Texas Law of Evidence (McCormick & Ray) p. 22. For numerous cases holding that objections to the admission of testimony upon different grounds than those specifically urged in the trial court will not be considered on appeal, see 3 Texas Digest, Appeal and Error, ██ ██ Also, Texas Court Rules, District & County, (Smoot) p. 493, rule 58; 67 S.W. xxiv. The contract was admitted as against the specific objection noted and in this we think there was no error, especially in the light of the pleadings and plaintiff's further testimony of his definite interest in the contract, and Dobbs's known recognition of and action thereon. There is evidence to support the court's conclusion that Dobbs signed the contract.

In appellant's brief he further insists and reasons that since the plaintiff's name does not appear on the contract, he is not a party to the same, or entitled to any benefits thereunder.

██ It is true Perry's name does not appear on the face of the contract, but by pleadings and proof (sufficient to support the trial court's judgment in that respect) it is made to appear that the written contract was made, in part, at least, for the benefit of Perry, as well as other parties thereto. In fact, Perry appears to be merely a non-signing party to the contract, all of which was well known to Dobbs who, acting upon the agreement, reconveyed to each of these parties acreage as compensation for services rendered in blocking up the land. Such being the case, he is entitled to enforce his rights, if any, under the contract. 10 Tex.Jur. p. 478, § 278, et seq., and authorities cited thereunder; Diacomis v. Wright, Tex. Com. App., 34 S.W.2d 806; United States Fidelity & Guaranty Co. v. Eubanks, 126 Tex. 405, 87 S.W.2d 248.

Appellant's propositions are overruled, and for the reasons assigned the judgment of the trial court is affirmed.