## STATE v. LAYTON et ux.
### No. 2076.

Court of Civil Appeals of Texas. Eastland.
Jan. 3, 1941.

F. B. Caudle, of Mt. Vernon, and Troy Smith, of Tyler, for appellant.

R. T. Wilkinson, of Mt. Vernon, and C. E. Florence, of Gilmer, for appellees.

GRISSOM, Justice.

This is an appeal by the State of Texas from a judgment in a condemnation proceeding. The case was submitted to the jury on special issues inquiring, in substance, as follows: (1) What was the market value of the strip of defendants' land condemned, at the time it was condemned? (2) What was the market value of defendants' land, exclusive of the strip condemned, immediately before the strip was taken for highway purposes? (3) What was the market value of the remainder of defendants' tract of land immediately after the taking of the strip condemned? Said special issues were answered as follows: (1) $75 per acre; (2) $75 per acre; (3) $60.44 per acre.

It is clear from the evidence adduced on the motion for a new trial that the jury agreed to allow the defendants, Layton and wife, $500 damages to the land not taken, and then proceeded to answer the issues so as to compel a judgment for that amount. In other words, the jury ignored special issue No. 3, inquiring what was the market value of the remainder of defendants' tract of land immediately after the taking of the strip condemned, and, instead of answering what the jurors believed from the evidence to be the then market value of such land, agreed to fix the defendants' damages at $500, and undertook to find the land values before and after the taking so that a judgment for the defendants for $500 damages to the land not taken would result.

This identical question was passed upon by the Amarillo Court in Murray v.

Morris, Tex.Civ.App., 17 S.W.2d 110, 112, writ dismissed. In Simmonds v. St. Louis, B. & M. R. Co., Tex.Com.App., 29 S.W.2d 989, 990, Judge Sharp, in discussing misconduct of a jury, under a comparable situation, said: "In other words, it is the duty of the jury to make findings of fact from the evidence, and that of the court to apply the law to the findings made by the jury and render a proper judgment thereon. The courts of this state have held, and it now seems to be the settled rule, that the purpose of article 2189 is to prevent a jury from first determining that they will give a party to the suit a verdict, and to then frame their answer so as to carry out their agreement. That the principal object in submitting a case to the jury upon special issues is that they should be removed from any bias or prejudice in favor of or against the parties by reason of the effect of their answers. The jury should answer each special issue as they find the facts to be from the evidence, without regard to its effect upon the judgment to be rendered in the cause."

■ We think the evidence in the instant case clearly shows an agreement among the jurors to give the defendant $500 as damages to the land not taken and that they then framed their answers so as to carry out such agreement. The jury violated the court's instruction reading as follows: "You will not be concerned with what effect your answers may have on the final judgment which must be rendered by the court." This was reversible error under the foregoing authorities. See, also, Bradshaw v. Abrams, Tex.Com.App., 24 S.W.2d 372, 375; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Moore v. Ivey, Tex.Com.App., 277 S.W. 106; Gulf, C. & S. F. R. Co. v. Harvey, Tex.Com. App., 276 S.W. 895; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213.

Defendants' counsel on cross-examination of a witness for plaintiff asked: "Don't you know it to be a fact that Hill was paid $700 for two acres of land for right-of-way on the same road near the defendants' land?" The question was objected to by the State because it was irrelevant, immaterial, highly prejudicial to plaintiff's rights and not in response to any issue in the case. The jury was instructed by the court not to consider the question. The State presented a written motion to withdraw the case from the consideration of the jury and declare a mistrial, which motion was overruled and the State excepted. Said action is assigned as error.

■ The value of the land sought to be condemned and the damage to the remainder of the tract were sharply contested issues. The question propounded was improper and an answer thereto inadmissible. An affirmative answer thereto could have had only one effect; that is, to advise the jury that the State of Texas had paid another citizen $700 for two acres of adjacent land, while it was undertaking to place a valuation on the defendants' land (1¾ acres) at from $50 to $100 per acre, and to show that no damage would result to the land not taken. Appellant contends the question had done its damage and that the court's instruction not to consider the question was insufficient to eliminate the prejudicial effect of counsel's question. The question was improper. It is clear that the probable effect of the question was to cause the jurors to believe that the State was attempting to impose upon these defendants, and under similar circumstances had paid $700 for two acres of adjacent land, but were unwilling to pay these defendants more than $50 to $100 per acre, and, were unwilling to pay any damages to the land not taken.

■ We recognize that generally the mere asking of an improper question is not held to be reversible error. However, it must be admitted that the asking of the question was improper and that it is not clear that the jury was not improperly influenced thereby. The verdict indicates they might have been. The harmful effect would have been more certainly obviated had the witness been permitted to answer and had he answered in the negative.

In Levinski v. Cooper, Tex.Civ.App., 142 S.W. 959, 962, the plaintiff was suing for damages for the death of his son in defendant's swimming pool. Plaintiff's counsel propounded the following question to the defendant: "Isn't it a fact that you were so convinced that it was a dangerous place that you induced an indemnity company to make a bond for you?" The court instructed the jury that the question was improper and that they should not consider it. A number of cases were cited by the court of civil appeals in which the mere asking of an improper question was held to be reversible error. The court said: "The question in this case of liability vel non, under the facts, was a closely con-

tested issue; and it seems to us that the asking of this question, under the circumstances, was highly prejudicial to the rights of appellant, and may have, and likely did, influence the jury in returning their verdict. We therefore sustain the assignment presenting this question."

The evidence solicited by the question was clearly improper and inadmissible. 16 Tex.Jur. 1037. Judge Neill, in Sullivan v. Missouri, K. &. T. R. Co., 29 Tex.Civ.App. 429, 68 S.W. 745, 748, in a condemnation case, said: "It is not competent as evidence of value to prove offers for adjacent and similar property, or the price at which the owners of such property have offered it for sale. Lewis, Em.Dom. (2d Ed.) 446, and authorities cited in note." Missouri Pac. R. Co. v. Mitchell, 72 Tex. 141, 10 S.W. 411.

To the same effect, see Gulf, C. & S. F. Ry. Co. v. Brugger, 24 Tex.Civ.App. 367, 59 S.W. 556, 557; Houston Ind. School Dist. v. Reader, Tex.Civ.App., 38 S.W.2d 610, 612; Dickey's Estate v. Houston Ind. School Dist., Tex.Civ.App., 300 S.W. 250, 252; Missouri, K. & T. R. Co. v. Thomas, 63 Tex.Civ.App. 312, 132 S.W. 974, 976; Coon v. Manley, Tex.Civ.App., 196 S.W. 606; Strawn Coal Co. v. Trojan, Tex.Civ. App., 195 S.W. 256.

For the errors discussed the judgment is reversed and the cause remanded.