## LOUMPAROFF et ux. v. HOUSING AUTHORITY OF CITY OF DALLAS.

### No. 14639.

Court of Civil Appeals of Texas. Dallas.

July 24, 1953.

Rehearing Denied Oct. 2, 1953.

Nathan Rachael, Dallas, for appellants.

Scurry, Scurry & Pace and Ethan B. Stroud, all of Dallas, for appellee.

YOUNG, Justice.

The condemnation proceedings initiated by appellee under authority of Art. 3264 et seq., V.A.C.S., were vigorously contested from their inception, appellants urging many objections and affirmative defenses. On jury trial and answers to special issues, judgment was rendered fixing compensation to the owners for their 17.2 acres of land in sum of $40,000 with 6 percent interest from March 19, 1952—date of the order of possession. Timely appeal has been taken from this award.

Appellee Authority is a body corporate, existing by virtue of Art. 1269k, Housing

Authority Law, V.A.C.S. The instant action was allegedly conformable to this law and corporate resolution declaring "it necessary in the accomplishment of its purposes under Article 1269k in the development of the West Dallas housing Project Tex–9–11 for this authority to acquire the fee simple title to the real estate in Project Tex–9–11 for such purposes." The project acreage was bounded by Singleton Boulevard on the south, on the north by Canada Drive, also the old channel Trinity River; on the east by Hampton Road and on west by Westmoreland Street; defendants' property lying within said area.

By issue No. 1 the jury found that the parties had been unable to agree on compensation to be paid to the defendants for the taking of their property prior to Feb. 2, 1952; issue 2, with jury answer of $40,000, reading: "What do you find from a preponderance of the evidence was the reasonable market value, as that term is herein defined, on March 19th, 1952, of the condemned property in this case, together with all improvements thereon? Answer in dollars, if any, and cents, if any."

Appellants advance 32 grounds for reversal of cause; the nature of many being such as to require only categorical answer. They consist generally of two groups, classified as jurisdictional or "fundamental" on the one hand, and on the other as errors made by the court in course of the trial.

■■■ Errors assigned as jurisdictional or "fundamental": (1) Appellants' 17 acres of land was described by metes and bounds, both in petition and judgment; and the fact that it was first alleged as lying in the city, and elsewhere (inclusive of judgment) as in the county, is not material; it being publicly known that the whole area has long since been the subject of formal municipal annexation; and the descriptive part thereof reading, "and all adjoining and contiguous property owned or claimed by said defendants," may well be ignored and treated as surplusage. Defendants did not except to the plaintiff's petition (de-nominated a "statement in writing" by the statute, sec. 1, Art. 3264) for insufficiencies of description or as to object and purpose of proposed condemnation, etc.; and though we observe no material defects in this regard, any such omission "shall be deemed to have been waived by the party seeking reversal on such account". Rule 90, Texas Rules of Civil Procedure. (2) The Housing Authority took over the subject property on March 19, 1952 as shown by the order of possession, after having deposited into the court registry the Commissioners' award of $40,000, "subject to the order of the defendants." Market value of the property is to be determined as of that time (date of appropriation) when the amount of the award was duly tendered into court; 16 T.J. 1023; City of Houston v. Susholtz, Tex.Civ.App., 22 S.W.2d 537, affirmed, Tex.Com.App., 37 S.W.2d 728. Plaintiff is a body corporate and politic; Housing Authority of City of Dallas. v. Higginbotham, Tex.Civ.App., 143 S.W.2d 95; and contrary to the contention of defendants, comes within provisions of Art. 3268, V.A.C.S., relieving such public corporation, upon taking the property, from filing of bond or making deposit of a further sum equal to the amount of the award.

■■■ Second, and concerning errors allegedly made by the trial court in rulings during course of the trial: (1) Exhibit 17, plaintiff's original petition, was placed in evidence over objection of defendants for purpose of showing date the suit for condemnation was filed; being done, obviously, in compliance with Art. 3264, sec. 1, relative to preliminary offers and negotiations. Appellants make no showing of possible harm or prejudice as the result of such exhibit. Nor was error shown in matter of the following exhibits placed in evidence by plaintiff: Exhibit 12—order for possession—to which no objection was made. Exhibit 1, a map of defendants' land, sectionalized, and drawn by witness Knapp, an expert on realty valuations; testifying that same accurately represented the subject property in size, shape, and location; also repeatedly referring to the drawing in arriving at his conclusions

of market values; exactly the same situation being applicable to Exhibit 13, a map made by plaintiff's witness Bale. (2) Exhibit 14 was a letter from R. C. Griffith, chief negotiator for the Housing Authority, to appellants, offered to show negotiations and efforts made to agree on property value. Same was competent evidence; Vey v. City of Fort Worth, Tex.Civ.App., 81 S.W.2d 228; and in substantial compliance with sec. 1, Art. 3264, that "plaintiff and the owner have been unable to agree upon the value of the land or the damages."

(3) Point 14 as presented by bill of exceptions is wholly without merit. The bill states that upon retirement of the jury for deliberations "a request was made in open court that all exhibits be sent to the jury room; that the plaintiff's attorney objected and stated that the exhibits should go to the jury room only in the event the the jury requested specific exhibits." The court overruled *plaintiff's* (appellee's) objections, stating that the jury was entitled to these exhibits *at request of either party.* It is quite evident from the bill that *defendant's* attorney made the request or at least that the jury received all exhibits with their knowledge and acquiescence; and in either event such adversary parties are in no position to complain. (4) Exhibit 15 was a certified copy of minutes ·of the Housing Authority showing purpose and location of Project Tex–9–11 for which the property was being condemned; exhibit 16 being a certified extract from the minutes of the city council authorizing appellee Authority to function in Dallas. The only objection offered to these exhibits was that "no foundation had been laid." Such general objection is insufficient as a basis for appellate review. 41 Tex.Jur. 913; 3–A Tex.Jur. 210; Dabney v. Keene, Tex. Civ.App., 195 S.W.2d 682. Moreover the instruments were admissible in view of Art. 1269k, sec. 4; Vey v. City of Fort Worth, supra.

Points 17 and 18 can be overruled without necessity of discussion. They relate to the order for possession which recited in part that $40,000 was the amount of the Commissioners' award. As already seen, this instrument (exhibit 12) was received in evidence without objection. (5) Appellants cannot now claim as error the court's so-called unwarranted comment on the testimony of their two witnesses Miers and Brownwell, such matter not having been objected to; and even if properly before us, a reading of the record discloses that the court's remarks properly followed statements made by these witnesses that were not only unresponsive, but highly prejudicial. (6) Appellants' right to cross-examine appellee's witness Griffith was not unduly abridged; the questioning being largely argumentative and irrelevant; directed as it was to one admittedly not an expert on real estate values; and appellee's further objection to testimony of defendant Loumparoff concerning a sale of acreage across Singleton Boulevard was well taken, no qualification by the witness on West Dallas real estate values having been established. A similar ruling was proper relative to appellants' point 23; and touching point 24, the substance of unaccepted offers made to the landowner for his property constitutes inadmissible evidence. 16 Tex.Jur. 1037; State v. Layton, Tex.Civ.App., 147 S.W.2d 515. Nor was error involved in the court's refusal to hear the testimony of Charles William Roberts offered by defendants after plaintiff had closed. The rejected evidence was wholly cumulative and in no sense in the nature of impeachment as is argued. And likewise, the testimony of H. H. Watson, also rejected, related to property, the comparability of which was not shown; the witness admitting that he was wholly unfamiliar with the acreage in suit.

Appellants in supplemental briefs suggest a lack of jurisdiction on part of Hon. Paul Peurifoy, Judge of County Court of Dallas County at Law No. 1, to try this cause perforce of Art. 1969a–2, enacted by the 52nd Legislature and effective June 2, 1951. We have examined the Act and find it not inconsistent with the legislation dealt with in City of Dallas v. Johnson, Tex. Civ.App., 54 S.W.2d 1024, also, 78 S.W.2d

265, where the Dallas County Courts at Law were held to be the equivalent of "county court" mentioned in Art. 3264 et seq., as the required forum in proceedings for condemnation.

■ The instant judgment provides for interest at 6 percent per annum from March 19, 1952 on the jury verdict of $40,-000; being the same amount as the Commissioners' award, tendered into court on above date, when possession of the property was secured. Appellee now advances the counter point that since Housing Authority v. Dixon, Tex.Civ.App., 250 S.W.2d 636, and Housing Authority v. Shambry, Tex.Civ.App., 252 S.W.2d 963, allowance for interest on the statutory deposit was fundamental error; appellants having had the right to withdraw this amount at any time without prejudice. Appellee made no objection to the judgment in this regard and raises the question for the first time on appeal. The mistaken allowance of interest on a judgment not called to the trial court's attention by the complaining party has been held not to be error deemed fundamental. Edgar v. Schmidt, Tex.Civ. App., 243 S.W.2d 414.

■ Point 31 complains of error in the court's refusal of the following special instruction in connection with issue 2 on "market value," under a showing of high acreage value for mining of sand and gravel; also for subdividing and sale by lots: "That if there is any evidence produced of other possible uses of the property, the jury should take into account all of the uses to which the property may be applied, and not merely the present condition and the use to which it had been applied." The quoted instruction was properly refused under authority of Kennedy v. City of Dallas, Tex.Civ.App., 201 S.W.2d 840, headnote 7 thereof reading: "In condemnation proceedings, issues of fact submitted to jury were not objectionable on ground that issues were submitted in a form which deprived defendant of added value of the land by reason of its adaptability for other uses and purposes as disclosed by the evidence. Vernon's Ann.Civ.St. arts. 3264–

3271." See also our further discussion on an identical point raised in case of Herndon v. Housing Authority of City of Dallas, 261 S.W.2d 221.

All points of error, whether specifically hereinabove mentioned or not, have received careful consideration and are severally overruled. Judgment of the trial court is accordingly affirmed.