Ben TAUB, Appellant,

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 3536.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1960.

Rehearing Denied Oct. 7, 1960.

Ernest A. Knipp, Houston, for appellant.

Bracewell, Reynolds & Patterson, Houston, for appellee.

WALTER, Justice.

This is a condemnation suit brought by Houston Independent School District against Ben Taub to condemn 6.901 acres of land out of a tract containing 46.843 acres. We shall hereafter refer to the 6.901 acres as six acres, and to the 46.843 acres as 46 acres, and to the remaining 39.-742 acres, after taking the 6.901 acres, as 39 acres.

Judgment was entered on the verdict that Taub recover $24,153.50 from the school district for said six acres. Taub has appealed from such judgment, contending the court erred in refusing to permit his witnesses, Lee, Westerhaus and Taub, to testify regarding sales of alleged comparable lands subsequent to the date of taking; in excluding testimony of Taub regarding the sale status of the tract out of which the condemned land was taken; in permitting the school district to call Curtis as an adverse witness and in refusing to declare a mistrial. Appellant also contends there is no evidence to support the jury's answers to the issues. He also contends the jury's answers to issues 2 and 3 show bias and prejudice.

The school district contends that Taub's first nine points are multifarious and that we should not consider them. If we considered the points alone, we would be forced to sustain the school district's objections; but, when we consider the points in connection with the statement and argument, we can determine the errors relied upon for reversal. See Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478.

It was stipulated that the date of taking was September 10, 1957, and that the school district, on such date, deposited with the clerk the amount of the award fixed by the special commissioners and took possession.

Appellant's witness, Lee, testified that in his opinion the six acres had a value of $6,500 per acre; the 39 acres had a value of $6,500 per acre before the taking and that the remainder would be damaged ten percent, or $25,962.30. Appellant's witness Westerhaus placed a value of $6,300 per acre on the six acres and testified to a $15 percent damage to the remainder by reason of the taking. Henry J. N. Taub testified that the six acres had a value of $8,-500 and the remainder had a value of $8,-000 before the taking and $6,000 after the taking.

Appellee's witness Parks testified to a value of $2,850 per acre on the six acres and a value of $2,850 per acre for the remainder before the taking and $3,000 per acre on the remainder after the taking. Appellee's witness Knapp testified to a value of $2,500 per acre on the six acres. All of the expert witnesses testified to values within the range of the highest and the lowest figures testified to by the aforementioned witnesses. The court substantially followed the case of State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, in submitting the issues.

The witness Lee testified to several sales of property which he considered compara-

ble. The first was a ten acre tract on March 29, 1954, by Perforating Guns Atlas Corporation to Bintliff at 15¢ per square foot; another from Bintliff to Houston Light & Power Company in November, 1954, at 22¢ per square foot; another from Hazard to Metal Goods Corporation on May 7, 1957, of a 12 acre tract at 23¢ per square foot. Lee also testified that in his opinion land values in the area had increased from 22 to 25 percent per year since 1954.

Both parties cite City of Houston v. Collins, Tex.Civ.App., 310 S.W.2d 697, 705 (no writ history). One of the points in the Collins' case was the alleged error of the court in permitting a witness to testify to a sale subsequent to the date of taking. The court held that the admissibility of such evidence was within the sound discretion of the trial court. The court held there was no abuse of discretion in admitting such testimony under the facts in that case and said: "The admissibility of such evidence involves a question which is not to be determined by any hard and fast general rule but rests largely in the discretion of the trial court."

The court held in Naegelin et al. v. State, Tex.Civ.App., 153 S.W.2d 269, 270: "Other propositions complain of the trial court's actions in ruling upon the admissibility of certain testimony. A detailed discussion of these propositions would serve no useful purpose. It is sufficient to say that when issues such as values are involved, the trial court is vested with an extensive discretion as to the admissibility of testimony relating thereto."

■ After considering all parts of this record that are relevant to the issue, we are unable to say there was an abuse of discretion in rejecting said testimony. After considering the entire record, and considering the testimony of sales of comparable land as high as 23¢ per square foot and the testimony regarding the increase in land values from 22 to 25 percent per year since 1954, we cannot say the court erred in ex-

cluding testimony relative to other sales of comparable land subsequent to the date of taking. The appellant has not discharged his burden of showing from this record as a whole that the rejection of said evidence amounted to a denial of his rights or was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

■ Appellant's point that the court erred in excluding the testimony of the witness Taub regarding the sale status of the tract out of which the condemned land was taken is overruled. In Lower Nueces River Water Supply District v. Sellers, Tex. Civ.App., 323 S.W.2d 324, 329, the court said: "It is settled that evidence of unaccepted offers to buy the land involved is not admissible in a condemnation suit. The latest expression thereon is by the Supreme Court in Hanks v. Gulf, Colorado & Santa Fe Railway Co., Tex., 320 S.W.2d 333."

■ In considering appellant's point that there is no evidence to support the jury's answers to the issues, we must view the evidence in its most favorable light in support of the findings, considering only the evidence and inferences which support the findings and rejecting the evidence and inferences contrary to the findings. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696. The jury answered that the six acres had a market value of $3,500 per acre on the date of taking; that the remaining 39 acres, exclusive of the six acres, immediately before the severed tract was taken, had a market value of $272,250 and that the remaining 39 acres, immediately after the taking, had a market value of $295,000. The court considered the answer to issue number 3 as mere surplusage and found that the remaining land, immediately after the severed tract was taken, had a market value of at least the market value of said remaining tract immediately before the taking and rendered judgment for Taub for $24,153.50, as found by the jury as the market value for the six acres at $3,500 per acre. Appellant says: "The amount ad-

judged to appellant based on $3,500.00 per acre, not considering the answers to the last two issues, was $24,153.50. The difference between the amount stated in answer to Special Issue No. 3 and the answer to No. 2 is $22,750.00, so that if the Court had rendered judgment in accordance with the verdict, the appellant would have recovered $1,403.50, which we think is what the jury intended. To get around this absurd result, the Trial Court was obliged to ignore the answers to the second and third issues. This was error. They should have been considered for their real and true value: that is, as showing the effect on the jury of the conduct of counsel for appellee, his questions propounded in deliberate violation of the rules, and his statements permitted without corrective instructions, by the Trial Court." The court said in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 202: "Judgment will be in favor of defendants in any and all events for the amount found in reply to question No. 1, and will also be the depreciation in value, *if any*, as found by the jury in answer to questions No. 2 and No. 3." (Emphasis ours.) We find in this record no motion for an instructed verdict, no objections to the submission of the issues, nor motion for judgment notwithstanding the verdict. The jury's finding of $3,500 per acre for the six acres taken is supported by the testimony of the experts who testified that its market value was from $2,500 per acre to $8,500 per acre. The jury's finding that the remaining 39 acres had a market value of $272,250 before the taking is, likewise, supported by the testimony of expert witnesses. The witness Parks testified that the value of the remaining tract would be increased after the taking. We hold the court properly entered judgment on the verdict and that the appellant has not been aggrieved by the entry of a judgment for an amount greater than the one he suggests should have been entered. The record justifies the conclusion that the verdict reached by the jury was a fair and impartial exercise of their best judgment from all the evidence. We cannot say the jury's answers show bias or prejudice.

Appellant's point that the court erred in permitting appellee to call Curtis as an adverse witness and ask him leading questions must be sustained. However, we think the error was harmless. Rule 182, Rules of Civil Procedure, authorizes any party to a suit to call as a witness any other individual who is a party to the suit without being bound by his testimony. Such rule also authorizes the asking of leading questions. Curtis was not a party to the suit and was not a hostile witness. He had been employed by Taub to make an appraisal of the land taken and the damage to the remainder. He testified to a value of $22,773 for the six acres and that in his opinion the remainder would be damaged $5,684.94. We do not see how appellant could have been injured by such testimony. See R.C.P. 434.

We have considered all of appellant's points, find no merit in them and they are overruled.

Judgment affirmed.