FT. WORTH IMPROVEMENT DIST. NO. 1, of TARRANT COUNTY v. WEATHER-RED et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 15, 1912.)

1. EMINENT DOMAIN (§ 145*)—COMPENSATION—MEASURE AND AMOUNT.

An owner of land, part of which is taken in eminent domain proceedings, is entitled to the market value of the portion taken and the depreciation in value of that not taken, thus entitling him to the value of that taken, even if the remainder is enhanced in value.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. § 145.*]

2. EMINENT DOMAIN (§ 262*) — ASSESSMENT OF COMPENSATION BY JURY—INSTRUCTIONS—DAMAGES.

In a proceeding to condemn land for the construction of a levee, an instruction that the owner was entitled to the difference in the fair market value of the property before and after the construction of the levee was unduly fa-

vorable to the plaintiff, and hence could not be complained of by it, since it authorized a deduction of the benefits to the portion of the land not taken from the value of that taken, and also authorized a deduction for benefits shared by the owner in common with the community generally, which, under the express provisions of Sayles' Ann. Civ. St. 1897, art. 4462, cannot be deducted.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

3. EMINENT DOMAIN (§ 145*) — ASSESSMENT OF COMPENSATION BY JURY—INSTRUCTIONS—DAMAGES.

In a proceeding to condemn land for a levee, an instruction that the owner should be awarded the market value of the land taken and the damages caused to the remainder of the land not taken, deducting any benefits to the land not taken, was properly refused, since it authorized a deduction of the benefits accruing to the owner in common with the community generally, contrary to the express provisions of Sayles' Ann. Civ. St. 1897, art. 4462.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. § 145.*]

4. EMINENT DOMAIN (§ 220*) — ASSESSMENT BY JURY—VIEW.

In an eminent domain proceeding, a view of the premises by the jury is not warranted, except by consent of all parties.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 558, 559; Dec. Dig. § 220.*]

5. EMINENT DOMAIN (§ 262*) — ASSESSMENT BY JURY—VIEW—HARMLESS ERROR.

In an eminent domain proceeding, a denial of a request that the jury be permitted to view the premises is not reversible error, even if all parties consent.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

6. EVIDENCE (§ 113*) — EMINENT DOMAIN — VALUE OF PROPERTY—COST.

In a condemnation proceeding, the testimony of the owner as to the consideration paid by him for the property, and the consideration realized from a sale of a part of the property more than a year prior to the trial, where the purchase price in both transactions consisted in part of cash, in part of promissory notes, and in part of other property given in exchange, was improperly admitted, over the objection that it was immaterial and irrelevant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

7. APPEAL AND ERROR (§ 231*)—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS.

Objections to testimony as immaterial, irrelevant, and incompetent will not support an assignment of error on appeal, unless the evidence was clearly inadmissible for any purpose.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299–1352; Dec. Dig. § 231.*]

8. DEEDS (§ 156*) — CONDITIONS — PERSONS ENTITLED TO ENFORCE.

Where plaintiff in a condemnation proceeding was a stranger to deeds to the defendant containing stipulations that the grantees would sell the land to plaintiff at the same price paid for similar property, it could not enforce such stipulation; and hence the exclusion of evidence of the price paid for similar

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

property, and an instruction to disregard such stipulation, were proper.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 496–499; Dec. Dig. § 156.*]

Appeal from Tarrant County Court; C. T. Prewett, Judge.

Condemnation proceeding by Ft. Worth Improvement District No. 1 of Tarrant County against J. S. H. Weatherred and others. From the judgment, plaintiff appeals. Reversed and remanded.

McLean & Carlock, of Ft. Worth, for appellant. Wray & Mayer, of Ft. Worth, for appellees.

DUNKLIN, J. The Ft. Worth Improvement District No. 1 of Tarrant county, a private corporation, organized for the purpose of constructing a levee intended to prevent overflows of a certain district by the waters of Trinity river, instituted this suit against J. S. H. Weatherred, E. W. Yeates, and James Harrison to condemn certain lands upon which to construct such levee. The lands sought to be condemned were owned, respectively, by Weatherred and Yeates, and Harrison held outstanding vendor's lien notes against them. Dissatisfied with the amount of damages awarded to the defendants by the judgment rendered, the plaintiff has appealed.

The jury were instructed to measure Weatherred's damages as follows: "As to the matter of damage accruing to defendant Weatherred, you are charged that he is entitled to recover from the plaintiff, under the law, the difference between the fair market value to the totality of his property before the construction of the levee and its fair market value just after its construction. This rule applies to all of Weatherred's lots, or his whole tract." The same instruction was given upon the measure of damages to be allowed Yeates. Error is assigned to those instructions, and also to the refusal of the following special instruction requested by plaintiff: "In estimating the damages, if any, which the defendants will suffer by reason of the construction and maintenance of the levee through their land, you will allow the defendants the market value of the land to be taken as a right of way for the levee in the market in which the land is located at the present time, and you will also allow the defendants such damages as the construction and maintenance of said levee will cause to the remainder of the land of defendants not so taken as a right of way; and you will also take into consideration any benefits which said levee may cause to the lands of defendants not taken as a right of way, if any, and deduct the same from the damages which you may allow the defendants."

[1-3] According to the rule for measuring the damages in such cases, as we understand it, each of the owners should have been awarded the market value of that portion of his land to be utilized in the construction of the levee, and also the amount of depreciation, if any, in the market value of the remainder of his land, not so utilized, resulting from the construction of the levee. Under this rule, each owner would receive the value of the land actually taken for levee purposes, even though the land not so taken should be enhanced in value by the construction of the levee. B. B., B. & C. Ry. v. Ferris, 26 Tex., loc. cit. 603; Dulaney v. Nolan County, 85 Tex. 225, 20 S. W. 70; Acts 32d Leg. 1911, § 37, pp. 257, 258. The charge given by the court was unduly favorable to the plaintiff, because, measured by the rule there stated, the amounts to which the owners were entitled for the lands actually required for levee construction would be reduced by any appreciation in value of the land not so used, and that, too, even though the benefits accruing by reason of the levee should be common to the community generally, and could not in any event be taken into consideration to reduce the damages. Sayles' Civil Statutes, art. 4462. But for these objections, the charge would be substantially correct. St. L. S. W. Ry. Co. v. Hughes, 73 S. W. 976; Kennedy v. Travis County, 130 S. W. 844. The same criticism applies to the requested instruction.

[4, 5] The court did not err in refusing plaintiff's request for leave to the jury to personally view and examine the lands in controversy, especially in view of defendant Harrison's objection to such a proceeding. Under our procedure, the course requested, in no event, was warranted, in the absence of the consent of all parties to the suit, and the refusal of such a request, presented even by all the parties, would not be reversible error.

[6, 7] Yeates was permitted to testify to the consideration paid by him for the property owned by him and in controversy in the suit, and also the consideration realized by him from a prior sale of a part of the property in controversy now owned by Weatherred. These two transactions occurred more than a year prior to the date of the trial, and at the time of the trial the levee had not been constructed. The purchase price in both transactions consisted partly of cash paid, in part of promissory notes, and in part of other property given in exchange, the market values of which, at the times of the exchanges, were also testified to by the witness. To the introduction of this testimony, plaintiff objected, upon the ground that the same was "immaterial and irrelevant," which objections were overruled. Upon appeal, the rule seems to be that such formal objections as "immaterial," "irrelevant," and "incompetent" are too general to support an assignment of error to the admission of testimony,

unless the real nature of the objection is so plain that nothing more specific is necessary; in other words, unless the evidence is clearly inadmissible for any purpose. El Paso & S. W. Ry. v. Smith, 50 Tex. Civ. App. 10, 108 S. W., loc. cit. 988; Wade v. G., H. & S. A. Ry., 110 S. W. 84; T. & P. Ry. v. Gay, 88 Tex. 111, 30 S. W. 543; Texas Brewing Co. v. Dickey, 43 S. W. 577; 9 Encyc. Evid. 74, 75. This evidence was clearly inadmissible, and, notwithstanding the formal character of the objections thereto, the two assignments of error by which complaint is made to its admission are sustained.

[3] The deeds under which the defendants acquired title to their respective properties contained stipulations purporting to bind the respective grantees to sell to plaintiff in this suit such land as might be required for levee purposes for the same prices as plaintiff should pay for similar property in the Evans-Pearson Westwood addition. Plaintiff offered testimony to prove the prices paid by it some three months prior to the trial for similar property in the addition named; but the defendants' objections to the testimony were sustained. In this ruling there was no error. Plaintiff was a stranger to those deeds and, owning no interest in the properties conveyed, could not claim an enforcement of those reservations in its favor. 3 Wash. Real Prop. p. 473; 2 Dev. Deeds, § 982; 13 Cyc. 676. See, also, Henderson v. Beaton, 1 Posey, Unrep. Cas. 28, 29, and 13 Cyc. 692, par. D. For the same reason, the court did not err in instructing the jury that in estimating the damages of defendants those covenants in the deeds should be disregarded.

For the error noted, the judgment is reversed and the cause remanded.