C. D. WYCHE, Appellant,

v.

W. L. NOAH et al., Appellees.

No. 15063.

Court of Civil Appeals of Texas.

Dallas.

Feb. 10, 1956.

Rehearing Denied March 9, 1956.

Piranio, Piranio & Ballowe, P. P. Ballowe, Leachman, Gardere, Akin & Porter, and Henry D. Akin, Dallas, for appellant.

Eades & Eades, Eric Eades, Jr., and C. C. Renfro, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from a summary judgment in an interpleader suit filed by National Title & Abstract Company to determine the true owner of the sum of $6,250, which money the plaintiff paid into the treasury of the court to await the outcome of the litigation. The trial court awarded the money to appellee Noah as a real estate commission.

It is undisputed that on January 31, 1955 Gerald C. Mann, as seller, and C. D. Wyche, as purchaser, executed a written contract for the sale of a tract of land for a recited consideration of $125,000. The written contract also provided that Mann, the seller, would pay his real estate agent, appellee W. L. Noah, "the usual commission" for his services in negotiating the sale.

The sale was consummated on March 4, 1955, pursuant to the terms of the contract of January 21, 1955, the closing being supervised by National Title & Abstract Company in its office in Dallas, Texas. Appellant Wyche paid the sum of $125,000, the consideration recited in the written contract. Mann executed and delivered a warranty deed to Wyche. The Title Company, as closing agent, was about to pay $6,250 of the purchase money to appellee Noah upon express oral instructions from Mann, when appellant Wyche interposed a claim to half the money, i. e., $3,125, which he later expanded into a claim for the entire sum of $6,250.00. The Title Company filed its interpleader suit on March 14, 1955, making both Wyche and Noah parties defendant.

Both claimants filed motions for summary judgment. Appellant's motion was overruled; appellee's was sustained.

Appellant's two points on appeal assert that the court erred (1) in overruling appellant's motion for summary judgment, and (2) in sustaining appellee's motion.

We think the above points are too general to direct attention to the questions raised and discussed in appellant's brief. However we shall discuss the grounds as we understand them upon which appellant apparently relies to support his appeal, as disclosed in the statements and arguments accompanying his points on appeal. Fambrough v. Wagley, 140 Tex. 577, 169 S.W. 2d 478.

As to appellant's first point: the court's order overruling appellant's motion for summary judgment is not a final judgment, nor does it come within the class of interlocutory orders which are appealable. Dyche v. Simmons, Tex.Civ.App., 264 S.W. 2d 208, at page 214. We overrule appellant's first point.

In his argument under his second point, appellant says that the written agreement to pay Noah a commission is unenforceable because it is too indefinite to meet the requirements of Art. 6573a, V.A.C.S., in that it merely provides for "the usual commission." Mann's later instructions to pay Noah 5% of the $125,000.00 are also unenforceable, says appellant, because they are oral, therefore also violate the statute.

Appellant is not in position to complain because the agreement between Mann and Noah does not comply with the provisions of the statute of frauds. It was Mann, the seller of the real property, not appellant, who might have invoked Art. 6573a to avoid paying his agent, Noah, a commission. But he did not choose to do so. It was his right to waive the terms of the statute. He did so. There is no controversy in this case between Mann and his agent, Noah. Neither Appellant nor anyone else may justly complain because Mann, the seller, elected to exercise his right to pay his real estate agent a 5% commission for services rendered. An oral contract is not void, illegal, or inherently wrong because it does not conform to the statute of frauds. The statute establishes a rule of evidence which is personal to the

868

party to be charged under the contract—in this case, Mann, the seller. See Yarber v. Iglehart, Tex.Civ.App., 264 S.W.2d 474, and cases there cited. The oral agreement for the 5% commission was between Mann and Noah. Appellant must be considered a stranger to it. It is well settled that the statute of frauds may not be invoked by a stranger to the contract. McManus v. Matthews, Tex.Civ.App., 55 S.W. 589 (writ ref.); 49 Am.Jur. 896, 898.

Appellant says that he had agreed to pay only $118,750 for the property, that Noah had represented to him that it would not cost more, and that Noah was to receive only a 2½% commission payable by appellant, the purchaser, only when he resold the land.

■ Appellant's verbal statements seek to vary his written contract with Mann, which contract recites the purchase price to be $125,000. Appellant did not and does not seek to set aside his contract with Mann. In fact he performed its terms fully by paying the $125,000 in cash and receiving Mann's warranty deed to the property. His contract with Mann has been fully executed by both parties. It was Mann's right then to pay his agent Noah what sum he chose as compensation for acting as his, Mann's, agent in the sale of the land. Whatever claim for debt appellant may have against appellee, if he has any at all, furnishes no basis for appellant's claim of ownership of these impleaded funds since he has no lien, or beneficial interest in them. Means v. Porter, Tex.Civ.App., 216 S.W.2d 269.

The judgment of the trial court is affirmed.

### On Rehearing.

In his motion for rehearing appellant says that while it is true that an appeal does not lie from an order of the trial court overruling a motion for summary judgment, when a final judgment has been rendered, the action of the trial court in overruling appellant's motion for a summary judgment in his favor can be assigned as error.

■ We have concluded that appellant's contention as stated in the paragraph next above is correct. Nevertheless we must overrule appellant's first point on appeal for we believe the trial court properly overruled appellant's motion for summary judgment. The reasons given in our original opinion for overruling appellant's second point are applicable also to his first point.

We hold that appellant is not entitled to any part of the fund amounting to $6,250 deposited with the Title Company. However our holding is without prejudice to appellant's right to assert whatever claims for debt he may have under any enforceable contract, if he has any, between himself and appellee.

The motion for rehearing is overruled.