**H. L. CRAVENS and Bill P. Yeager, Appellants.**

v.

**CITY OF AMARILLO, Appellee.**

No. 6737.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 27, 1958.

Rehearing Denied Feb. 24, 1958.

Simpson, Clayton & Fullingim, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, J. Hadley Edgar, Jr., Amarillo, of counsel, for appellee.

PITTS, Chief Justice.

This appeal is from a judgment in a condemnation proceeding instituted by appellee, City of Amarillo, as condemner, against appellants, H. L. Cravens and Bill P. Yeager, owners of the land involved. The record reveals that preliminary proceedings were previously had in the trial court on August 11, 1956, concerning the necessary prerequisites for a jury trial upon the controlling question in the case and that the parties have stipulated by agreement that appellee, City of Amarillo, had previously taken all necessary steps and procedures required by law to acquire the subject land under its powers of eminent domain for the purposes pleaded by appellee and that the land involved consists of

60.08 acres lying in the south part of Section 38, Block 2, A. B. & M. Survey, Potter County, Texas, leaving only the controlling issue of the market value of the said land in question to be determined. The case was tried to a jury on May 2, 1957, with the single issue of the market value of the said land of date June 21, 1956, being submitted without objection of any party and as a result of the jury's answer thereto the trial court rendered judgment accordingly awarding appellants the sum of $15,000 for the said land being condemned, from which judgment appellants have perfected an appeal and have presented 26 points of error contending for various reasons that they did not receive "adequate or just compensation" for the land. A calculation will reveal that the jury found the market value of the land to be approximately $250 per acre.

Appellants grouped and briefed their first eleven points together charging error because the trial court excluded the testimony of the witness, Homer R. Robbins, to the effect that, in his opinion, the market value of the land in question was $850 per acre based upon reasons some given and others sought to be given by the witness. Appellee has challenged the manner of appellants' presentation of their first eleven points and charge that all of such points should be overruled because appellants have asked this court to examine and consider in connection with their said points all the testimony of the witness Homer R. Robbins from page 183 to page 259 in the statement of facts and have not set out "the full substance of the rejected testimony by reference to the pages in the record" as required under the provisions of Rule 418(c), Texas Rules of Civil Procedure. We find some merit to appellee's challenge but because of our liberal practice to consider such points so long as we can determine with some degree of certainty the contents and basis of the complaint made and because appellants have pointed out in some instances the pages of the record referred to, the said points are being considered by us. We likewise find that appellee, in the alternative, has re-plied to appellants' said eleven points, contending that such should all be overruled because the trial court did not exclude the testimony of the witness Homer R. Robbins as charged by appellants, but, on the contrary, the trial court admitted the testimony of the said witness to the effect that, in his opinion, the value of the land in question was $850 per acre and he gave his numerous reasons for so testifying.

The evidence reveals that the said 60.08 acres of land lies adjacent to the middle part of the south boundary line of Section 38 with the said tract of land being located 7½ miles east of the city limits of Amarillo, between two highways but separated from each of the highways by two leading railroads. There is evidence of probative force showing that the land is located approximately three-fourths of a mile south of U. S. Highway 66 and a mile or more north of Highway 287; that the said land was unimproved and had been farmed although was not then being farmed, and was surrounded by farms; that there was no road immediately east, west or south of the said land but there was a passable road 20 feet wide on the north side of the same but the said "land is practically isolated from the standpoint of having an outlet"; that the said land "is of the Pullman type soil" and has a "surface depth of 6 to 8 inches and is a silted clay and a subsoil that reaches down 42 inches or better."

The record reveals that the witness Homer R. Robbins testified at length for appellants with his testimony covering several pages in the statement of facts without being interrupted even by a question, in which testimony he gave a description and location of the land and his method of appraisal of the same until he began to "assume" the existence of improvements upon the land that were not there in order to establish appraisal by his method of "capitalization and the residual technique." Objections were made by appellee to such testimony upon the grounds that the witness was admittedly "assuming non-existent buildings, non-existent crops, non-existent

capitalization rates on top of one presumption after another," based upon a subdivision of rural land, in order to establish "the highest and best use of the particular land." The trial court sustained such objections and required the further examination of the witness to be confined strictly to question and answer form without going into "ramifications" or giving a "discourse type of testimony", in order that opposing counsel may have an opportunity to make specific objections when desired. The trial court directed that questions be propounded to the witness one at a time concerning his method of appraisal of the said land in which event he would be permitted to answer such questions so long as he did so "in terms of the measure of damages." Following the instructions of the trial court the witness Robbins testified that after his "investigation and studies of all of the factors" he had testified about, he had reached an opinion or conclusion as to the cash market value of the said land and that in his opinion, based upon investigations made, coupled with general conditions as they existed, which he took into consideration, together with the distance to the City of Amarillo, the location of the highways and "all the physical factors involved," including a consideration of a comparison of the land in question with the closest type of other land, the market value of the land as of June 21, 1956, was $850 per acre.

■ In our opinion appellants' complaints made in Points 1 to 11, both inclusive, are not supported by the record. The witness Robbins testified in effect that as a result of his investigation and studies of all of the existing factors and in considering all of the physical factors involved, in his opinion the said market value of the land was $850 per acre on the date in question. In our opinion the witness, according to his own testimony, finally based his opinion as to the value of the land upon logical and reasonable grounds, some of which were enumerated by him and others stated in a general way. We likewise believe the trial court correctly excluded testimony relating

to remote, speculative and conjectural uses that may be made of the land in an attempt to fix its market value. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 200, 979. For the reasons stated appellants' Points 1 to 11, both inclusive, are all overruled.

■ In presenting their said first eleven points of error, appellants therein charged also that the statement of facts "contains numerous jibes, innuendoes and indirect advantages" taken of the witness Homer R. Robbins but appellants have failed to point out to this court testimony in support of such charges and they have likewise failed to present a point or assignment of error in support of their complaints and charges here made. They contend however in effect that by reason of such attitude toward the witness their rights were prejudiced before the jury, but no point or assignment has been presented in support of such contentions. In their statement and argument in support of their first eleven points, appellants also complain about other matters foreign to the complaints made in any of the eleven points. While all of appellants' said eleven points complain about the exclusion of certain testimony of the witness Homer R. Robbins and his reasons for fixing a market value of the land in question, they further therein complain and challenge some of the testimony of the witnesses, George Turnley and Royce Gaut, without directing any point or assignment of error by reason of such complaints. In the same manner appellants complain because they were not privileged to attack the credibility of the witnesses, Turnley and Gaut, by offering the testimony of Robbins in rebuttal thereto without first raising such issues by a point or assignment of error in support of their complaints so made. In our opinion none of the charges and complaints made about such matters are supported by the record but in any event under the elementary rules of procedure in briefing such charges and complaints are waived because no points or assignment of error were presented in support of same. Stroud v.

Jones, Tex.Civ.App., 295 S.W.2d 491 and other authorities there cited. In any event such complaints and charges are overruled because they are not supported by any points and also because in our opinion they are not supported by the record in the case.

Appellants group and present together Points 12 to 15, both inclusive, charging error in Point 12 because the trial court excluded the testimony of appellant H. L. Cravens to the effect that he was financially able to independently develop the said land for subdivision usage. Concerning the claims and charges made in Point 12, appellant Cravens testified without objection as follows while being examined by his counsel:

"Q. (By Mr. Clayton) Did you get a commitment for a loan? A. Yes.

"Q. On the project? A. Yes.

"Q. It wasn't for farming, was it? A. No.

"Q. Was it for industrial purposes? A. No, only for building duplex houses.

"Q. And would it have been a substantial enough loan? A. Yes, but I could have built without the loan. * * *

"Q. (By Mr. Clayton) You disagree with these appraisers completely, don't you? A. Yes, sir, I sure do.

"Q. And you have dealt in land extensively, haven't you? A. Probably more than all of them put together.

"Q. Have you got a line of credit with the Dallas National Bank in order to do this very thing with? A. Yes, the First National Bank of Dallas.

"Q. What was the highest line of credit a bank ever loaned you in order

to follow these foolish ventures? A. $870,000. * * *

"Q. (By Mr. Clayton) You were financially able to do what you wanted to do, were you not, Mr. Cravens? A. Yes, sir.

"Q. —without any lending institutions? A. That's right."

In our opinion the foregoing testimony given by appellant Cravens refutes appellants' claims and charges made in Point 12 to the effect that the trial court excluded his testimony concerning his financial ability to independently develop the said land, for which reason the said point is overruled.

They charge error in Point 15 because Cravens' testimony was excluded to the effect he could procure financial aid from FHA if his land were adapted to subdivision usage. Concerning the claims and charges made by appellants in Point 15, appellant Cravens testified as follows while being examined by his own counsel:

"Q. (By Mr. Clayton) Mr. Cravens, after you and Mr. Yeager acquired this 60 acre tract, did you contact the Veteran's Administration to determine whether or not they would make loans on this property? A. No; because that wasn't the purpose of it, but I did contact—

"Mr. Edgar: Excuse me—go ahead. I am a little premature.

"A. —I did contact the FHA.

"Did the FHA tell you they would make a loan on this property? A. That they would make loans—

"On this very property? A. On this property. * * *

"Q. (By Mr. Clayton) They did tell you that they would make loans on this very acreage, didn't they? A. Yes. * * *

"Q. (By Mr. Clayton) What type of project were you procuring a loan on? A. On a duplex, for rental purposes. * * *"

In our opinion the foregoing testimony given by appellant Cravens refutes the claims and charges made by appellants in Point 15 to the effect that he had determined he could procure financial aid from FHA if the said land were adapted to subdivision usage, for which reason the said point is overruled.

■ They charge error in Point 13 because his testimony was excluded concerning the market value he placed upon the land in consummating his negotiations in acquiring the same, and they charge error in Point 14 because his testimony was excluded concerning his conclusions about the market value of his said land. Concerning the claims and charges made by appellants in their Points 13 and 14, they have failed to show by a bill of exception or otherwise what the testimony of appellant Cravens would have been if he had been permitted to testify concerning the matters in question, for which reason appellants' Points 13 and 14 are overruled. Johnson v. Poe, Tex.Civ.App., 210 S.W.2d 264, 266–267; Bradford v. Magnolia Pipe Line Co., Tex. Civ.App., 262 S.W.2d 242, 245, and other authorities there cited; Mollinary v. Karam, Tex.Civ.App., 257 S.W.2d 886 and other authorities there cited.

■■ In any event market value in such a case should be based upon a reasonable cash value and a reasonable use for reasonable adaptability, and not upon some speculative, contemplated use to be made of the land or upon some speculative value growing out of a land trade or exchange for other property. Perry v. Wichita Falls, R. & F. W. R. Co., Tex.Civ.App., 238 S.W. 276; Fort Worth Improvement Dist. No. 1 v. Weatherred, Tex.Civ.App., 149 S.W. 550; City of Houston v. Charpiot, Tex. Civ.App., 292 S.W.2d 677; City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808. Under the foregoing authorities and

others, it is within the sound discretion of the trial court to determine whether or not other lands offered for trade are comparable so as to meet the test of similarity.

In presenting Points 12 to 15, both inclusive, appellants further complained about the trial court excluding testimony of some nature given by the witness Andrew D. Hudspeth without having presented a point of error in support of their complaints and without divulging or showing what such testimony of the said witness would have been if heard. For reasons previously stated and under authorities previously herein cited, such complaint must be overruled.

■ Appellants grouped and presented Points 16, 19 and 20 charging error committed in Point 16 because the trial court excluded the testimony of the witness Hugh Tull concerning the amount he paid for his 12-acre tract of land, charging error committed in Point 19 because the trial court refused to permit appellants to cross-examine the witness George Turnley about the price Ruth Kline paid for her property, and charging error in Point 20 because the trial court excluded the testimony of the witness Rose Mathis about the value she received for her property. Appellants' Point 16 complaining about the exclusion of the testimony of the witness Hugh Tull is overruled because appellants did not attempt to brief the charges or complaints therein made, for which reason such complaints and charges were waived. Crowell-Gifford Furniture Co. v. Cloutman, Tex. Civ.App., 276 S.W.2d 539, 551; Doherty v. San Augustine Independent School Dist., Tex.Civ.App., 178 S.W.2d 866, 870 and other authorities there cited. Appellants' Points 19 and 20 are overruled for reasons previously given and under authorities previously cited because appellants failed to show by a bill of exception or otherwise what the testimony of the said witnesses Turnley and Mathis would have been if heard. In any event, the evidence reveals that the Tull and Kline tracts of land had both been previously subdivided and appellants' said land was for acreage and not

for subdivision, while the property of Rose Mathis was hotel property and not similar in any respect to appellants' land. For reasons previously stated and under authorities previously cited the properties complained about were not comparable and not similar enough to furnish a fair basis for valuation of appellants' property in any event.

Appellants grouped and presented Points 17 and 18, charging error because the trial court refused to permit appellant to cross-examine the witness, George Turnley, as to why he concluded that the market value of appellants' land was $200 per acre and as to the basis of his conclusions that the runways at the Amarillo Air Base reduced the market value of the said land. In our opinion the complaints here made are not supported by the record, which reveals that the witness Turnley did testify on cross-examination about the matters complained of (S.F. 56–57). In support of complaints about the refusal to permit Turnley to testify, appellants cited "S.F. 88 and 90" which reveals the testimony of the witness, Royce Gaut, and has no connection with Turnley's testimony. For the reasons stated appellants' Points 17 and 18 are overruled.

█ █ In Points 21 to 26, both inclusive, appellants contend that, in case the trial court's judgment should not be reversed because of one or more of the previously assigned errors, it should be reversed because of the accumulative effect of the series of alleged errors previously presented and because appellants' property was taken without due process of law and in violation of the Federal and State Constitutions. In our opinion reversible errors have not been committed by the trial court but, assuming that error has been shown, under the provisions of Rules 434 and 503, T.R.C.P., the burden was then upon appellants to show from the record as a whole that such alleged error or errors committed by the trial court amounted to such a denial of the rights of appellants as were reasonably calculated to cause and probably did

cause the rendition of an improper judgment. Cruse v. Daniels, Tex.Civ.App., 293 S.W.2d 616, 623–24; State v. Thompson, Tex.Civ.App., 290 S.W.2d 319, 322; Walker v. Texas Employers' Ins. Ass'n, Tex., 291 S.W.2d 298, 301. In the case at bar it is our opinion that appellants have failed to discharge such burden in any event.

Appellants contend that they have not had a fair trial and that their rights have been prejudiced. In our opinion the record does not support such contentions. The only issue to be determined was that of market value of the said land and we think such has been determined according to the Statute, Vernon's Ann.Civ.St. Art. 3265, subd. 2, and as provided for by the rules of law. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808.

Under the authorities cited and many others, it is our opinion that appellants' constitutional rights have not been violated. Roberts v. City of New York, 1935, 295 U.S. 264, 55 S.Ct. 689, 79 L.Ed. 1429, at pages 1435–1436.

For the reasons stated, appellants' points of error are all overruled and the judgment of the trial court is affirmed.