STATE of Texas et al., Appellants,

v.

Edward L. HAYS et ux., Appellees.

No. 16091.

Court of Civil Appeals of Texas.

Dallas.

July 13, 1962.

Rehearing Denied Oct. 19, 1962.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Homer G. Montgomery, Emmett

Colvin, Jr., Don R. Stodghill and Ted Z. Robertson, Asst. Dist. Attys., Dallas, for appellants.

McKool & McKool, Dallas, for appellees.

DIXON, Chief Justice.

This appeal again presents the question of the admissibility of testimony in regard to alleged comparable sales in a condemnation suit.

This is the second appeal in the case. For the opinion in the first appeal see Hays v. State, Tex.Civ.App., 342 S.W.2d 167. For a related case see State v. Morse, Tex.Civ.App., 342 S.W.2d 165.

Appellees admitted that appellants had complied with all the prerequisites and requirements for condemnation. The only questions remaining were issues of value. Nevertheless the trial extended over a period of ten days. The statement of facts covers 1220 pages.

As usual the expert witnesses differed sharply as to value. Appellees' expert witnesses Ardis Doak and Roy Eastus valued the land and improvements and damages to the remainder at a total of $46,729.40 and $36,235.35, respectively. Another of appellees' witnesses, Jack Reynolds, valued the improvements condemned, not including the land, at $12,737.00. The land consisted of 2.2 acres in three separate parcels in the City of Seagoville, Texas.

Appellants' only expert witness, Joseph R. Smith, valued the land and improvements and damages to the remainder at $12,900.00.

A jury found that the value of the land taken and the damage to the remainder totalled the sum of $23,500, for which amount judgment was rendered in favor of appellees Hays, the property owners.

Appellants' first point on appeal is as follows:

"The trial court abused its discretion and erred, over the strenuous objec-

tions of appellants, in submitting into evidence through the opinion witnesses of the appellees alleged comparable sales that involved other than a monetary consideration."

■ · In their first counterpoint appellees say that we should not consider appellants' point because it is multifarious in that it complains of four separate and distinct rulings of the court pertaining to four separate and distinct grounds involving four separate comparable sales.

We must agree with appellees that appellants' first point does not comply with Rules 321, 374 and 418, Texas Rules of Civil Procedure; Johnson-Sampson Construction Co., Inc., v. W & W Waterproofing Co., Tex.Civ.App., 274 S.W.2d 926 (Syl. 8); Gass v. Baggerly, Tex.Civ.App., 332 S.W.2d 426.

However, in their statement and argument under their first point, appellants separately name the four sales and the four rulings of the court to which objection is made. Therefore, we shall proceed to consider each of the four rulings as if each were itself the subject of a point on appeal. Rule 422, T.R.C.P.; Wyche v. Noah, Tex.Civ.App., 288 S.W.2d 866; Paul v. Johnson, Tex.Civ.App., 314 S.W.2d 338.

At the beginning of the trial appellants filed a motion asking the court to instruct counsel for appellees not to make any inquiry or reference in the presence of the jury to any alleged comparable sale which involved other than a monetary consideration. The court overruled appellants' motion.

Appellees' expert witness, Roy Eastus, went into great detail in explaining how he arrived at his opinion of a value of $36,235.35. After naming that figure he testified that his opinion was based in part on sales of other properties which he considered comparable. He testified specifically concerning thirteen of such sales. Four of these alleged comparable sales

were challenged by appellants and are the subject of this appeal. These four sales, with grantors and grantees, are as follows:

(1) Rufus E. Parker and H. J. Solomon to American Petrofina Co. of Texas;

(2) A. Rex. Putnam to Bob Hays;

(3) Bob Hays to Humble Oil & Refining Company;

(4) J. D. Balafas to Dewey Thomason.

Appellants objected to sale No. (1) because it involved an easement; to No. (2) because it involved a consideration of $15,000.00 consisting of $5,000.00 cash and a mortgage on a service station which Hays had been required to build; to No. (3) because the sale was one of the three sales of service stations by Hays to Humble Oil & Refining Company in connection with Hays' removal from Seagoville, Texas to Athens, Texas, as Humble Company's agent; and to No. (4) because the contract for $500 cash payment and the execution of a $9,000 mortgage also contained a provision that the proceeds of condemnation should be applied on the $9,000 mortgage.

In support of their contention appellants cite and quote from cases in which it is held that "swaps", or trades and exchanges of property are not material or relevant in proving market value. Morgan v. State, Tex.Civ.App., 343 S.W.2d 738 (Syl. 4); Cravens v. City of Amarillo, Tex.Civ.App., 309 S.W.2d 903; Fort Worth Improvement District No. 1 v. Weatherred, Tex.Civ. App., 149 S.W. 550; State of Arizona v. McDonald, 88 Ariz. 1, 352 P.2d 343, 349; Redfield v. Iowa State Highway Commission, 252 Iowa 1256, 110 N.W.2d 397; Sanitary District of Chicago v. Boening, 267 Ill. 118, 107 N.E. 810; United States v. Leavell & Ponder, Inc., 5 Cir., 286 F.2d 398; Lewis, "Eminent Domain" Vol. 2, 3rd Ed. § 662, p. 1138; Nichols, "Eminent Domain" 3rd Ed. Vol. 5, § 21.31, p. 280; Alfred Jahr, "Eminent Domain: Valuation & Procedure," § 139, p. 314. Appellants say that, applying this rule, the court should have sustained their objec-

tions to the four sales, and the testimony of Eastus in regard to them should have been stricken.

In Hays v. State, Tex.Civ.App., 342 S.W. 2d 167, 170, Justice Thomas, speaking for this Court, gave three conditions under which, in condemnation cases, evidence may be offered of comparable sales. The first of said conditions is in substance as follows: such testimony may be offered on direct examination of expert or lay witnesses as independent substantive evidence of the value of the property to which the comparison is made. That situation is not presented in the case now before us, so we shall make no comment as to whether the evidence in question could properly have been admitted if it were to be tested under the first condition.

It is the second of the conditions stated by Justice Thomas which concerns us here: evidence of alleged comparable sales may be given by expert witnesses on direct examination, not as primary evidence of value, but merely to give an account of the factual basis upon which the expert founds his stated opinion as to the value of the real estate being condemned.

■ In passing on the admissibility of alleged comparable sales a trial judge must to a certain extent pass on the degree of similarity of said properties and sales. No inflexible rule has been laid down to govern the court's decision. In admitting or rejecting such evidence a judge is allowed considerable discretion. Lewis on "Eminent Domain" Vol. 2 (2d Ed.) § 443; 23 Tex.Jur. 2d 271, 273; 32 C.J.S. Evidence § 593, p. 447.

■ In exercising this discretion a trial judge is to be allowed a greater latitude in admitting evidence of comparable sales under the second condition than under the first condition named by Justice Thomas in his opinion. City of Houston v. Pillot, Tex. Com.App., 105 S.W.2d 870, 872; Cole v. City of Dallas, Tex.Civ.App., 229 S.W.2d 192, 193; Stewart v. Commonwealth of

Kentucky, etc., Ky., 337 S.W.2d 880, 884; United States v. 5139.5 Acres of Land, etc., 4 Cir., 200 F.2d 659, 662.

The reason for this greater latitude is well stated in McCormick & Ray "Texas Law of Evidence," Vol. 1, page 610, § 835.

"It is the general rule that an expert witness, having testified to an opinion, is permitted to give in evidence, either in direct or cross-examination, an account of the basis upon which he founds the opinion. If this testimony happens to be competent for that purpose it is admissible as independent evidence upon the issues in the case, *but even though not so competent, it is still admissible as giving the basis for the previous opinion testified to and thereby enabling the jury to test the value of the opinion evidence.*" (Emphasis ours.)

In the present case the testimony of the witness Eastus in regard to the four disputed sales comes within the second of the conditions named by Justice Thomas. After giving his opinion as to the values of the condemned property, Eastus testified as follows:

"Q Now, Mr. Eastus, do you have any sales, did you check any sales in the area in recent years prior to or since the condemnation within a reasonable distance of the Hays property *in order to get and form an opinion as to the value of the Hays property?*

"A I have

"Q And were there such sales that have taken place near the Hays property during that period of time?

"A Yes.

"Q Would you give me the name of a grantor and grantee please, sir?" (Emphasis ours).

Eastus then testified to thirteen sales including the four in dispute. He was vigorously cross-examined about these four sales.

Some dissimilarities were brought out in the cross-examination of Eastus. As to other dissimilarities he said he did not know.

Most of the dissimilarities on which appellants rely were brought out in the testimony of appellants' expert witness Joseph Smith, offered in rebuttal of the testimony of Eastus. Smith testified that he had investigated the four sales in question. In his opinion they were not comparable sales for reasons heretofore set out. Thus we have Eastus' opinion that the sales were comparable against Smith's opinion that they were not comparable—a fact issue presented by two experts. In the face of this conflicting testimony, the words of our Supreme Court in City of Houston v. Pillot, supra, seem appropriate "On the whole the objections urged go to the weight, rather than the admissibility, of the evidence."

As to the sale from Parker & Solomon to American Petrofina Company: on the first appeal of this case we took into consideration the fact that the land involved in that sale was burdened with an easement. Nevertheless, it was held that evidence concerning it was properly admissible as a comparable sale.

It is our opinion that under the circumstances disclosed by the record as a whole, it was not reversible error for the trial court to admit the evidence in question in regard to the four sales in controversy. Appellants' first point is overruled.

In their second point on appeal appellants assert that the trial court abused its discretion in admitting into evidence through the opinion witness of appellees an alleged comparable sale that involved a transaction under threat of condemnation and allowing appellees' attorney to explore same further in his final jury argument.

Appellees object to our consideration of appellants' second point on the grounds that (1) it is multifarious; (2) the point is not preserved in appellants' motion for new trial; (3) appellants did not file any bill of exceptions to the alleged oral argument of appellees' attorney.

The point is indeed multifarious, or at least duplicitous. But for reasons stated in our discussion of appellants' first point, we shall not refuse to consider the point. Rule 422, T.R.C.P.

The two prongs of the second point are preserved in paragraphs 1(a) and III of appellants' motion for new trial.

A transcript of the jury argument of appellees' attorney is part of the record before us. It shows that appellants' attorney objected to that part of the attorney's argument referring to the evidence of appellants' witness, Joseph Smith, to the effect that the State of Texas paid Thomason $8,534.00 for eight-tenths of an acre out of the land previously sold by Balafas to Thomason. One ground of the objection, among other grounds, was that the attorney was discussing a "State condemnation project," not a proper comparable sale. Appellants' objection was overruled. The objection of appellants as shown by the record was sufficient to preserve the point for appeal. Rules 372(e) and 373, T.R.C.P. Appellees' objections to our considering appellants' second point on appeal are overruled.

It has been held that as a general rule evidence of the price paid by a condemnor for property involved in a condemnation proceeding is not admissible. City of Dallas v. Malloy, Tex.Civ.App., 214 S.W.2d 154; Too Fan v. City of El Paso, Tex.Civ. App., 214 S.W.2d 158; Rayburn, "Texas Law of Condemnation," pages 432–433. We do not disagree with these holdings, but we believe they are not in point here for these reasons:

(1) The comparable sale in question here was a sale of property from an individual named Balafas, grantor, to another individual named Thomason, grantee. It was not a sale made to a condemnor by an owner of land involved in a pending condemnation proceeding,

(2) The fact that Thomason, the purchaser of the property, two months later successfully negotiated a sale of part of

the property to the State of Texas was disclosed by appellants' own expert witness, Joseph Smith, and was offered in rebuttal to testimony of Eastus, who had earlier testified about the sale from Balafas to Thomason. Smith testified that the contract of sale between Balafas and Thomason contained a provision that if part of the property should be condemned, the proceeds of the condemnation would be applied on the note and mortgage signed by Thomason when he purchased the property from Balafas. Thomason later negotiated a sale of part of the land to the State of Texas for $8,534. This sum was paid by Thomason to Balafas and applied on Thomason's note.

(3) The testimony of Eastus in regard to comparable sales was not presented as primary substantive evidence of value, as we pointed out in our discussion of appellants' first point. It was presented by Eastus in explanation of his opinion as to value. Even if we were to say that the testimony is not admissible as primary evidence of value (we make no ruling on that question as it is not before us), we would have to say that the evidence is admissible as giving the basis for the previous opinion testified to by Eastus, thereby enabling the jury, as said in McCormick & Ray, supra, "to test the value of the opinion evidence."

(4) In any event we do not believe that the testimony of Eastus in regard to the alleged comparable sale, admissible or not, was calculated to cause and probably did cause the rendition of an improper judgment. This applies also to the alleged improper jury argument. Eastus testified in regard to the thirteen alleged comparable sales. Only four of these sales were challenged in this appeal. The jury obviously did not accept Eastus' opinion as controlling in reaching its decision as to value. The jury returned a finding of $23,500 as the total value of the land taken and the damage to the remainder. This finding by the jury was closer to the total value and damage of $12,900, as testified to by appel-

lants' witness Smith, than it was to the total of $36,235 testified to by appellees' witness Eastus. It was very much closer indeed, to Smith's total figure than it was to the figure of $46,729.40 testified to by appellees' witness, Ardis Doak. It is apparent that the jury did not accept fully any of the experts' opinions as to the value.

Appellants' second point is overruled.

■ In their third point appellants complain because the court refused to give appellants' requested special Issue No. 1 as follows:

"From a preponderance of the evidence, what do you find was the market value of the land and improvements encumbered by an easement, condemned by the State of Texas and County of Dallas for highway purposes at the time it was condemned, considered separate property?"

The court did submit the following issue:

"From a preponderance of the evidence what do you find was the market value of the Defendants' property taken by the State of Texas for highway purposes at the time it was condemned on June 12, 1959, considered as separate property?"

The condemned property is subject to an easement. Appellees' witness Eastus testified about it. Appellees' witness Mc-Elya testified about it in great detail. Certainly, it was brought to the attention of the jury.

The issue submitted by the court was in the form approved in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. Though the issue as submitted did not expressly mention the easement it was all inclusive, so included the easement about which testimony had been received.

Appellants argue that the trial court apparently was of the opinion that there is something sacred about the Carpenter case. To negate such view they cite several cases which approve a departure from the lan-

guage of the Carpenter case. State v. Oakley, Tex., 356 S.W.2d 909; Holbrook et al. v. State of Texas, Tex.Civ.App., 355 S.W. 2d 235; City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808.

We have no quarrel with the holdings in the above cases. We certainly shall not hold that it is always wrong to depart from the forms of issues as set out in the Carpenter case. We do say that in the case now before us it was not wrong to adhere to the forms approved in the Carpenter case.

Since the issue submitted was broad enough to include the easement in question, it was not error to refuse submission of the appellants' requested issue.

Appellants' third point is overruled.

The judgment of the trial court is affirmed.

## ON REHEARING

In an earnest motion for rehearing appellant cites us to the holdings in the recent cases of State of Texas v. Williams, Tex. Civ.App., 357 S.W.2d 799 and State of Texas v. Curtis, Tex.Civ.App., 361 S.W.2d 448. We are also aware of the holding of our Supreme Court in State of Texas v. Willey et ux., 360 S.W.2d 524.

In our opinion the holdings in the above named cases are not in point with the case now before us and should not determine our decision here.

In the Williams case the Court of Civil Appeals at Texarkana speaking through Chief Justice Chadick, first affirmed the trial court's judgment on the ground that the cumulative evidence properly admitted swayed the balance in favor of harmless error. However, on rehearing it was made plain that documentary evidence which had been thought to be a contract of sale, was merely an option contract and should not have been admitted in evidence. This new development, according to the Court, tilted the scales in favor of holding that the admission of incompetent evidence was harmful.

It should be observed, too, that of the three witnesses, who testified in the Williams case on behalf of appellee the qualifications of only one were established as an expert on land values. Another witness, the land owner, was qualified to give his opinion of the value of his land, but his qualifications as an expert were not shown. No effort had even been made to qualify the third witness as an expert. In these and other important particulars the material facts differ from the controlling facts in this case.

In the Curtis case, opinion by Justice Pope, in behalf of the San Antonio Court of Civil Appeals, it is expressly stated that the first three points on appeal relate to the nature of comparable sales "when used as proof of value in condemnation cases." The situation here is quite different. As we pointed out in our original opinion, the challenged testimony of comparable sales in this case was given by a qualified expert, not as independent substantive evidence of value, but merely to give an account of the basis upon which the expert in part founded his opinion. The situation is clearly shown by the testimony which was elicited *after* the witness Eastus, as an expert, had stated his opinion of the values of the condemned property. Moreover, the facts in the Curtis case, though they are not set out in detail, evidently did not present the problem of harmless error, as do the facts in our case.

In the Willey case our Supreme Court was concerned with the admission in evidence of testimony of sales of lots in subdivided areas as being comparable to undeveloped acreage. This evidence presented by a witness named Davis, could not be considered as harmless error, for as the Supreme Court said, "it is no wonder that the jury found the value of the condemned land to be exactly, to the dollar, what Davis said it was, $14,160.00."

In the case now before us appellee insists that the four challenged sales are properly comparable sales. Appellee's witness Eastus, a highly qualified expert, testified that they were. In rebuttal appellant produced a witness, Joseph Smith, who testified that of the thirteen comparable sales about which Eastus testified, four were not comparable. In the face of this conflict in the testimony, appellee contends that the trial judge did not abuse his discretion in admitting the testimony of Eastus and in refusing to strike it after Smith had testified.

Without retreating from our position holding that the challenged testimony was admissible under the circumstances, we are firmly convinced that the error in admitting it, if it was error, was harmless. We so hold for these reasons:

(1) Eastus on behalf of appellee testified as to thirteen alleged comparable sales. Only four of these sales were challenged by the State as to their comparability. Joseph Smith in behalf of appellant testified to sixteen alleged comparable sales. Thus there was an abundantly sufficient cumulation of competent evidence of comparable sales to tip the scales in favor of harmless error.

(2) As we pointed out in our original opinion the jury plainly did not accept and rely on Eastus' testimony. He testified to a total damage by the taking of $36,235.00. The jury allowed only $23,500.00. Appellee's witness Doak testified to a total damage of $46,729.00. Obviously the jury did not accept the valuation put on the property by appellee's witnesses. In this as in other particulars the instant case differs from the Willey case recently decided by our Supreme Court.

(3) It is easily understandable that Eastus' testimony in regard to the four disputed comparable sales may well have helped rather than hurt appellant. If, as appellant claims, the four sales were not comparable, Eastus laid himself open to attack and exposure by saying they were comparable. His qualification as an expert on real estate values was well established in the evidence. His opinion as to values

was undoubtedly admissible. Appellee could have discontinued further direct examination immediately after Eastus had given his opinion as to value. But appellee elected to have Eastus tell of alleged comparable sales as part of the basis for his opinion. The trial lasted ten days. Appellant had an opportunity to have, and did have its expert Joseph Smith, check the alleged comparable sales of Eastus. In rebuttal he testified at length and in great detail, pointing out wherein he considered the four questioned sales not comparable.

We have carefully considered appellant's motion for rehearing. In the light of the record as a whole we overrule the motion.