The CITY OF DALLAS, Appellant,

v.

Irvine A. FRIDGE et ux., Appellees.

No. 11454.

Court of Civil Appeals of Texas.

Austin.

Dec. 7, 1966.

Rehearing Denied Jan. 4, 1967.

N. Alex Bickley, City Atty., Lee E. Holt, Pat Stacy, Asst. City Attys., Dallas, for appellant.

J. Alex Blakeley, Dallas, Ralph M. Hall, Don R. Stodghill, Rockwall, for appellees.

PHILLIPS, Justice.

This is a condemnation case. The City of Dallas condemned 5.36 acres of land belonging to appellees taking the entire tract and a fee simple title.

Appellees' 5.36 acre tract of land, which they purchased in 1959, is among approximately 20,669.436 acres of land purchased by the City of Dallas from the year 1959 to December 1965, for the purpose of the Forney Reservoir Project. Forney Reservoir is being constructed for the purpose of supplying water for the future needs of the City of Dallas.

A partial summary judgment having been granted by the court to the appellant as to its powers and rights to condemn the property in question, this case was submitted to a jury on the sole issue of the market value of appellees' land.

Appellant City of Dallas presented one value witness, George Becker, Jr., who appeared as a City of Dallas employee who handled the acquisitions of Forney Reservoir for the City of Dallas. Becker placed the value of appellees' land at $1,972.00.

Appellees' value witness was George W. Riddell who has been a realtor and appraiser in Dallas County since 1932. He testified as to the many individuals and firms from whom he had appraised, including the City of Dallas, appellant herein. Mr. Riddell enumerated the real estate societies and organizations of which he was a member. He described the property and neighborhood and brought numerous exhibits to show the jury in picture form the area under discussion. He testified as to the appraisal techniques that he used in appraising subject property. He brought the jury sales of three pieces of property within the immediate neighborhood, plus the sale of subject property itself.

The sales used by appellees' witness Riddell ranged in value, per acre, from approximately $1,000 in 1959, to $2,050 in 1961, to $4,800 in 1964, to $8,000 in 1965.

Based on these sales and other sales that he considered and investigated, and his complete appraisal of appellees' property, Riddell placed a value of $4,000 per acre on the property as of October 22, 1965 or a total figure of $21,440.

The jury returned a verdict of $19,757 and judgment was entered thereon.

We affirm this judgment.

Appellant is before this Court on five points of error, the first being that of the trial court in making statements and commenting in the presence of the jury, as to the credibility, qualifications and testimony of the appellees' only value witness, Riddell, while said witness was being cross-examined by the appellant, which were a comment upon the weight of the evidence as well as the witness' credibility and displayed a bias and prejudice on the part of the court in favor of the appellees against the appellant.

We overrule this point.

The exchange in question was as follows:

"Q Mr. Riddell, yesterday I was asking you, I believe, about your opinion as to the effect of the Forney Reservoir on the Zion Road area in Dallas County. Would you give the Jury the benefit of your opinion in that

regard, as far as your opinion not affecting real estate values in that area?

MR. HALL: Your Honor, in complete fairness to the witness and the Jury, we ask the Court instruct him not to just give him an area, but to inquire of this witness of a sale in particular that he is talking about.

THE COURT: Yes, relegate it to a tract that he has done.

MR. HOLT: Do I understand the Court's ruling to be that I cannot go into the effect and influences of the reservoir on the area of the location of the subject property?

THE COURT: Counsel, he has testified to certain sales, that he examined himself—

MR. HOLT: Yes, Your Honor.

THE COURT: And that is where he has so made himself an expert in this particular matter that he has appraised this country around there.

MR. HOLT: First of all, Your Honor, we except to the remarks of the Court as a comment on the weight of the evidence.

THE COURT: All right. Fine. Let's move along now.

MR. HOLT: I have no ruling, Your Honor, on as to whether or not I am to be deprived of the right to question this witness as to the effect of the Forney Reservoir on the area of real estate in the general location of the subject property.

THE COURT: This Court is not going to deprive anyone of anything. It is the ruling of this Court that you may ask him his opinion with relation to what he has testified to.

MR. HOLT: He has testified, Your Honor, to a general knowledge of real estate in this area.

MR. BLAKELEY: Your Honor, might I ask if the Court would object to instructing the Jury to disregard any comments of counsel?

THE COURT: All right, Mr. Blakeley—

MR. BLAKELEY (interposing): And also, Your Honor, we have no objection if he wants to go into the question I think he is leading up to, the general enhancement to the community in general. I believe that is what he is leading up to. We have no objection to that.

THE COURT: You may proceed with your answer if the objection is withdrawn."

We hold that appellant waived his objection to the comment of the trial court by failing to secure a ruling thereto by the trial judge. Webb v. Mitchell, 371 S.W.2d 754 (Tex.Civ.App. Houston 1963, no writ) and the cases cited therein. In order for the Court of Civil Appeals to decide a question which is not fundamental, the record must show that the question was raised and passed upon by the trial judge. Van Zandt v. Desdemona Independent School District, 283 S.W. 626 (Tex.Civ.App. Eastland 1926, no writ).

Appellant's second point of error is the failure of the court to strike from the record all testimony and evidence presented by the appellees relative to the sale from Anderson to Ivy when the undisputed evidence shows that the sale involved a trade of two other parcels of real estate, thus rendering such sale when used as a comparable sale for value purposes, not comparable as a matter of law.

We overrule this point.

One of the sales used by the appellees' witness, Riddell, to support the value placed on appellees' property was a sale from one Anderson to one Ivy. This sale was admitted into evidence without objection as to a trade being involved. At a later time appellant moved the court to strike the sale

from the record. The court overruled this motion on the ground that the objection went to the weight rather than the admissibility.

■ We hold that the trial court was correct in this ruling. The evidence discloses that $43,000 was the agreed price for the land in this sale even though two pieces of property were involved in the transaction as a trade. There was testimony that the consideration shown in the deed from Anderson to Ivy was the actual consideration of the sale even though a trade was involved.

■ This point is controlled by the court's holding in State v. Hays, 361 S.W. 2d 401 (Tex.Civ.App. Dallas 1962, writ ref'd n. r. e.), wherein the court held that in passing on the admissibility of alleged comparable sales a trial judge must to a certain extent pass on the degree of similarity of said properties and sales. No inflexible rule has been laid down to govern the court's decision and in admitting or rejecting such evidence, a judge is allowed considerable discretion. This is true even when the sales in question involve other than monetary consideration especially where the testimony is offered not as primary evidence of value, but merely to give an account of the factual basis upon which the expert witness founds his stated opinion as to the value of the real estate being condemned.

Appellant's third point of error is that of the court in allowing appellees' witness Riddell to present testimony and evidence relating to the sale from R. T. Taylor to Irvine A. Fridge and consider it as a basis for his opinion as to market value when the undisputed evidence shows that this witness, on previous examination, had sworn under oath, that his opinion as to market value was based solely upon four sales of which the sale from R. T. Taylor to Irvine A. Fridge was not included, and when the sale is too remote in time to be considered as a reliable basis for market value.

We overrule this point.

After appellees had rested their case and counsel for appellant had presented testimony through appellant's value witness that the market value of the subject property was $1,972.00, appellees' witness Riddell was recalled to the witness stand and in rebuttal he testified that appellees had paid $5,000.00 for the property in October of 1959. Appellant objected to this testimony, however, the trial court allowed this testimony into evidence along with a copy of the deed reflecting this transaction.

■ It is the general rule that when land is taken by eminent domain, evidence of the price paid for the land is competent as evidence of its value, if the sale was a voluntary one, and not so remote in time as to have no bearing upon the question of the value of the property at the time it is condemned. Broesche v. State, 348 S.W.2d 770 (Tex.Civ.App. Houston 1961, no writ).

Here appellant's value witness testified that none of the sales near appellees' property were comparable. He further testified that he had found a sale more comparable to the subject property some eight miles away. Based on this one sale he placed a value of $1,972.00 on appellees' 5.36 acres as of October 22, 1965 in spite of the fact that appellees had paid $5,250.00 for the same 5.36 acres on October 1, 1959.

■ To apply the general rule here that sales too remote in time are not admissible in evidence would do violence to the better known rule based on common, everyday horse-sense that real estate, especially in the vicinity of Dallas, has been appreciating steadily in value during the past decade or so. Consequently, every presumption would be against a value less than that actually paid for the land. Where appellant's witness chose to offer into evidence such a value, appellees certainly had the right to refute this opinion testimony with evidence of the amount actually paid. It was within the discretion of the trial court as to whether this evidence should have been admitted and we hold that he did

not abuse his discretion therein. Holcombe v. City of Houston, 351 S.W.2d 69 (Tex. Civ.App. Houston 1961 no writ).

Appellant's fourth point of error is that the answer of the jury to Special Issue No. 1[1] is not supported by the evidence because the undisputed evidence shows that all sales used by appellees' sole value witness are affected in their market value by and due to the location of the Forney Reservoir, and the use of such sales to form an opinion as to value by the said witness could not form any reasonable basis for the answer of the jury to Special Issue No. 1 in the light of the court's instruction.

We overrule this point.

 There is ample evidence in this record from appellees' value witness Riddell to support the increased value of the property near the subject property as well as the subject property for reasons other than any enhancement that may have occurred due to the Forney Reservoir project. Consequently, the admission of these sales was in the discretion of the trial judge.

In addition, the court specifically instructed the jury that in arriving at their answer to Special Issue No. 1 they should not take into consideration any increase in value which may have accrued to defendant's land due to the location of the Forney Reservoir. See Vey v. City of Fort Worth, 81 S.W.2d 228 (Tex.Civ.App. Fort Worth 1935 writ dism'd).

Appellant's fifth point of error is that the answer of the jury to Special Issue No. 1 is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, and completely out of range of probative testimony.

We overrule this point.

An outline of the evidence presented the jury and upon which they based their find-

ing as to the value of the property taken is set out above.

The judgment of the trial court is affirmed.

Affirmed.

---

1. Issue as to market value of appellees' land condemned for reservior purposes.