**CITY OF GARLAND, Appellant,**

v.

**Roy WYRICK et al., Appellees.**

**No. 4773.**

Court of Civil Appeals of Texas, Eastland.

May 16, 1975.

Rehearing Denied June 6, 1975.

Pete Eckert, City Atty., Garland, Earl Luna and Mary Milford, Dallas, for appellant.

Wayne O. Woodruff and Richard G. Rogers, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellees.

RALEIGH BROWN, Justice.

This is a condemnation case. The City of Garland sought to condemn Block 21, Duck Creek Addition to the City for a civic center and other public purposes. The owners of the property, except for city owned easements, were Roy Wyrick and wife, Alena Wyrick, and Gale Wyrick and wife, Billie Wyrick. Following a jury trial, a judgment awarding the Wyricks the sum of $157,800 was entered. The City of Garland appeals.

The thrust of the appeal of the City of Garland is primarily two fold. First, the City urges no judgment could be entered on the answer of the jury to the special issue in accordance with the instructions of the court. The issue and answer were as follows:

"MARKET VALUE as that term is used in this charge means the price a property will bring when offered for sale by one who desires to sell but is un-

der no compulsion to sell and is purchased by one who desires to buy but is under no necessity to buy.

SPECIAL ISSUE NO. 1

From a preponderance of the evidence what do you find is the fair market value of the land condemned by the City of Garland on September 13, 1972.

Answer in Dollars and Cents.

ANSWER: *$2.00 a sq. ft."*

■ The City contends the case was brought to condemn, not on a square footage basis, but the whole of Block 21, Duck Creek Addition. It argues the court erred in making findings of fact and/or calculations in addition to the jury's answer. Further, it urges that the testimony of Gale Wyrick, an interested witness as to the square footage, was not so clear, direct and positive as to do more than raise an issue of fact.

Our examination of the record reflects the following testimony of Gale Wyrick.

"Q. (By Rogers) How much land is in that total tract?

A. (By Mr. Wyrick) Almost two acres.

Q. 78,900 square feet?

A. Right."

Additionally, Carmichael, an appraisal witness for the landowners, testified:

"Q. (By Mr. Woodruff) And what is that opinion? What is your opinion of the fair market value of the subject property?

A. (By Mr. Carmichael) $157,800.

Q. And what unit price is that per square foot?

A. $2.00 per square foot.

Q. $157,800?

A. Yes, sir.

Q. Now, of course, the City of Garland is taking all of the property. There is nothing left?

A. That is correct."

The City, following the testimony set out above, presented both an engineering witness and an appraisal witness neither of whom disputed the testimony given as to the amount of square feet in the land being condemned.

The appropriate rule was announced by the Court in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex. 1965):

" . . . If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Woolgrowers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. Valley Stockyards Co. v. Kinsel, supra [369 S. W.2d 19 (Tex.Sup.1963)]; James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Dev. Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 at 642 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943); Simonds v. Stanolind Oil & Gas. Co., 134 Tex. 332, 136 S.W.2d 207 (1940)."

The testimony of Gale Wyrick being clear, direct and positive and not being challenged by the City, we hold the uncontradicted evidence establishes the tract consisted of 78,900 square feet.

In considering the City's argument that the court made improper findings of fact or calculations, we note the opinion evidence in this record as to the value of the land condemned is all based on a square foot value. It is stated in Vincent v. Bell, 22 S.W.2d 753 (Tex.Civ.App.— Waco 1929, dism'd):

" . . . There is no doubt but that it is a well-settled general rule in this state that where a case is submitted to a jury on special issues, and findings in response thereto returned, it is the duty of the court to enter judgment in accordance therewith."

The court continued:

" . . . It is equally well settled by the decisions of our appellate courts that where the findings are ambiguous, in order to arrive at the proper interpretation of such findings of the jury the court is authorized to examine not only the charge, but the pleadings and evidence, and if by an examination of the record the intention of the verdict can be ascertained, such verdict so construed constitutes the proper basis for judgment. James v. Wilson, 7 Tex. 230; Rushing et al. v. Lanier et al., 51 Tex.Civ.App. 278, 111 S.W. 1089; Gibson et al. v. Dickson et al. (Tex.Civ.App.) 178 S.W. 45 [writ refused); G. C. & S. F. Ry. Co. v. Baker et al. (Tex.Civ.App.) 218 S.W. 7, 12 (writ dismissed); Pickrell v. Imperial, etc., Co. (Tex.Civ.App.) 231 S.W. 412, 413 (writ dismissed); Adamson Lumber Co. v. King Lumber Co. (Tex. Civ.App.) 227 S.W. 702 (writ dismissed); Crenwelge v. Ponder (Tex. Com.App.) 228 S.W. 145, 146; G. C. & S. F. Ry. Co. v. Saunders (Tex.Civ. App.) 286 S.W. 919;"

As stated in Speer, Law of Special Issues in Texas § 419 (1931), at page 550:

"Mere ambiguity that is answerable from the whole record is not fatal to the verdict. It yet has a legally ascertainable meaning. But where uncertainty comes in, and the true meaning is not thus ascertainable, there is no verdict and a mistrial results."

The Texas Supreme Court in First Federal Savings & Loan Association of Dallas v. Sharp, 359 S.W.2d 902 (Tex.1962), held:

" . . . If the jury finding is ambiguous or unclear, the courts must try to interpret the finding so as to uphold the judgment. State v. Hale, 136 Tex. 29, 146 S.W.2d 731."

In the case at bar we hold that the court properly interpreted the finding of the jury. Service Life Insurance Co. v. Miller, 271 S.W.2d 301 (Tex.Civ.App.—Fort Worth 1964, writ ref. n. r. e.), and State v. Hale, 136 Tex. 29, 146 S.W.2d 731 (1941).

■ The City further contends the property in question was zoned Light Industrial and the only evidence as to market value with such zoning, based on comparables with like zoning, was $36,700. The City argues the higher market value testimony was based on the property's use and zoning as commercial and on comparables so used and zoned. It contends since the court's charge did not authorize nor instruct the jury, in connection with market value, to take into consideration all other uses to which the property was reasonably adaptable and for which it in all reasonable probability would become adaptable in the future, there was no evidence or in the alternative insufficient evidence to support the judgment.

We disagree with this contention. The record establishes that the witness, Carmichael, offered by the landowners as their expert on land values, did testify as to values under the mistaken belief that the subject property was zoned commercial. However, the City neither objected to such testimony nor moved to strike it after the testimony was given.

As stated in State v. Hays, 361 S.W.2d 401 (Tex.Civ.App.—Dallas 1962, writ ref. n. r. e.):

"In passing on the admissibility of alleged comparable sales a trial judge must to a certain extent pass on the degree of similarity of said properties and sales. No inflexible rule has been laid down to govern the court's decision. In admitting or rejecting such evidence a judge is allowed considerable discretion. Lewis on 'Eminent Domain' Vol. 2 (2d Ed.) § 443; 23 Tex.Jur.2d 271, 273; 32 C.J. S. Evidence § 593, p. 447."

In Cooper v. Argonaut Insurance Co., 430 S.W.2d 35 (Tex.Civ.App. Dallas 1968, writ ref. n. r. e.), said:

"Appellant did not object . . . to the testimony in question . . . . It is our opinion that by his failure to object he waived what error there may have been. Such objections cannot be first urged on appeal as a ground for reversal. Hinsley v. Continental Trailways Bus System, 302 S.W.2d 668 (Tex. Civ.App., Galveston 1957, no writ), and cases therein cited; McCormick and Ray, Texas Law of Evidence, 2d Ed., § 22, p. 20; 56 Tex.Jur.2d, Trial, § 158, p. 499;"

See also City of Houston v. Huber, 311 S. W.2d 488 (Tex.Civ.App. Houston 1958, no writ).

In The Board of Regents of the University of Texas System v. Pruett, 519 S. W.2d 667 (Tex.Civ.App.—Austin 1975, no writ), the court considering an objection to evidence of sales zoned for "C" commercial uses, on ground of lack of similarity to condemned property zoned for "B" residential uses held:

" . . . The objection to this sale, on the basis of lack of similarity, is applicable more to the weight of the evidence than to its admissibility. State v. Hays, 361 S.W.2d 401, 403 (Tex.Civ.App. Dallas 1962, writ ref. n. r. e.)."

The Court in Martinez v. Delta Brands, Inc., 515 S.W.2d 263 (Tex.1974), stated:

"When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evi-

dence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. Butler v. Hanson, 455 S.W.2d 942 (Tex. 1970); Langlotz v. Citizens Fidelity Insurance Company, 505 S.W.2d 249 (Tex.1974)."

Applying such rule, we hold there is some evidence to support the finding of the jury.

We have examined the entire record and overrule the contention of the City of Garland that there is insufficient evidence to support the judgment. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

We have examined all points of error and overrule each. The judgment is affirmed.