**Opinion filed April 25, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00127-CV

_____

## DEBRA CARTER, Appellant

## V.

## AGAMERICA AV1, LLC, Appellee

**On Appeal from the County Court**
**Comanche County, Texas**
**Trial Court Cause No. 3449**

## M E M O R A N D U M   O P I N I O N

Debra Carter appeals from a jury trial that resulted in her eviction from a Comanche County ranch property that was formerly owned by Brazos Valley, LLC. We affirm the judgment of the trial court.

*Factual and Procedural Background*

In July 2020, Brazos Valley secured a loan from AgAmerica AV1, LLC (AgAmerica), using the funds to purchase a ranch property in Comanche County.

The loan was secured by a deed of trust that was executed by Carter on behalf of Brazos Valley. Several months later, Brazos Valley defaulted on the loan. Following a non-judicial foreclosure on the property, AgAmerica served a notice on Brazos Valley, Debra Carter, and Crockett Carter,[1] demanding that they vacate the property. However, Carter did not comply with the demand.

AgAmerica then initiated an eviction proceeding against Brazos Valley and Carter in the Comanche County Justice Court. Although they were served with process, neither Carter nor Brazos Valley filed an appearance in the Justice Court. As such, the Justice Court rendered a default judgment against Carter and Brazos Valley, awarding immediate possession of the property to AgAmerica. Carter then appeared as a pro se litigant and appealed the default judgment to the Comanche County Court. *See* TEX. R. CIV. P. 510.9.

While the eviction appeal was pending, Carter filed a separate lawsuit against AgAmerica and others in the 220th District Court of Comanche County, seeking to enjoin AgAmerica from proceeding with the eviction. The district court denied Carter's application for injunctive relief. Thereafter, Carter's claims in the district court were amended to include multiple causes of action relating to AgAmerica's foreclosure on the property.[2]

Carter also filed a series of motions in the county court, including a request for written discovery, and an "Emergency Motion to Show Authority." Carter claimed that the latter motion was brought pursuant to Rule 12 of the Texas Rules of Civil Procedure. Rule 12 provides a mechanism for a party to challenge the

---

[1]Because Debra Carter and Crockett Carter share the same last name, we will refer to Debra Carter as "Carter" and refer to Crockett Carter as "Crockett."

[2]Carter has since appealed the wrongful foreclosure action. *Carter v. AgAmerica Lending, LLC et al.*, 11-22-00294-CV (Tex. App.—Eastland April 25, 2024, no pet. h.) (mem. op.). In that matter, we have remanded the case to the trial court for further proceedings on the issue of Carter's standing to bring suit.

2

authority of counsel to represent another party. TEX. R. CIV. P. 12. However, rather than challenging counsel's authority to bring suit on behalf of AgAmerica, the "motion to show authority" challenged the factual basis for AgAmerica's claim to possession, alleging that the trustee's sale never took place.

Additionally, Carter filed a counterclaim petition in the county court, asserting causes of action for injunctive relief, together with a wide array of other contractual and tort theories centered on AgAmerica's alleged wrongdoing in repossessing the property. In response, AgAmerica filed a motion to dismiss Carter's claims. AgAmerica's motion was granted by the Honorable Stephanie Lynn Davis, the presiding judge, the day after it was filed.

Following the dismissal of her claims, Carter sought to recuse Judge Davis, in part on the grounds that she had acted with partiality when she granted AgAmerica's motion to dismiss without notice or a hearing. *See* TEX. R. CIV. P. 18b. Following a hearing, the motion to recuse was denied by the Honorable Roy Sparkman, the judge that was sitting by assignment.

The eviction case was tried to a jury in April 2022. After the case was submitted, the jury rendered a verdict finding that AgAmerica had a superior right to immediate possession of the property and that Carter had committed a forceable detainer.

Following trial, the county court signed a judgment granting immediate possession of the property to AgAmerica. The judgment also awarded AgAmerica $120,000 for attorneys' fees, plus additional fees relating to potential, subsequent appeals.

*Necessary Joinder/Jurisdiction*

In her first and second issues, and as a part of her third issue, Carter asserts that the trial court should have dismissed the case and/or directed a verdict in her

favor because Crockett, who also resides on the property, was not named in the eviction proceeding. Similarly, in her second issue, Carter maintains that this court does not have jurisdiction because Crockett is not a party.

A failure to join an indispensable party does not void a judgment because "there could rarely exist a party who is so indispensable that [their] absence would deprive the court of jurisdiction to adjudicate between the parties who are before the court." *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985); *see also Jimenez v. McGeary*, 542 S.W.3d 810, 812 (Tex. App.—Fort Worth 2018, pet. denied). AgAmerica's failure to join Crockett in this case is no exception.

Because this was an eviction action, the only issue before the county court was whether AgAmerica had a superior right to immediate possession over and against Carter. *See* TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."); *see also Jimenez*, 542 S.W.3d at 812. It was not necessary for Crockett to be a party to the proceeding before the trial court proceeded to such a determination. For that reason, we overrule Carter's first and second issues, as well as the portion of Carter's third issue that concerns the joinder of Crockett.

*Personal Jurisdiction Over Brazos Valley*

In her fourth issue, Carter asserts that the trial court failed to obtain personal jurisdiction over Brazos Valley.

"Generally, a party lacks standing to assert a due process violation based on improper service of another party." *In re Guardianship of V.A.*, 390 S.W.3d 414, 418 (Tex. App.—San Antonio 2012, pet. denied); *Sw. Const. Receivables, Ltd. v. Regions Bank*, 162 S.W.3d 859, 864 (Tex. App.—Texarkana 2005, pet. denied) ("Generally, only the entity that has not been properly served has standing to challenge the lack of due process."). Carter does not offer any reasons why the general principle should not apply in this instance. For example, Carter does not

stand in a relationship with Brazos Valley that is similar to that of an insurance company and its insured. *Sw. Const*., 162 S.W.3d at 864 ("One exception to that general principle is that an insurance company may challenge the propriety of service as to the company's insured."). Additionally, because Brazos Valley has not filed an appeal, we cannot alter the judgment rendered against it. *See* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment . . . must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.").

Because Carter lacks standing to challenge the trial court's judgment against Brazos Valley, we overrule Carter's fourth issue.

*Motions for Directed Verdict and New Trial*

In her third issue, Carter complains that she was entitled to a directed verdict and/or a new trial because AgAmerica never provided a "reinstatement amount" on the loan, and because of her claim that the foreclosure sale of the property never took place. These complaints relate to factual matters that Carter attempted to introduce into evidence during trial. Those same facts were also central in her argument to the jury.

Carter's complaint relating to these matters is best characterized as a request to review the legal and factual sufficiency of the verdict in light of the evidence that Carter has described. Such circumstances would ordinarily compel us to proceed with an assessment of the sufficiency of the evidence based on a liberal construction of Carter's briefing. *See* TEX. R. APP. P. 38.9. However, in this instance, we do not conduct a sufficiency review because Carter has failed to preserve the issue.

In order to preserve an issue for review based on the legal sufficiency of the evidence, a party may, among other things, submit the complaint in a motion for

5

judgment notwithstanding the verdict or in a motion for new trial. *Steves Sash & Door Co., Inc. v. Ceco Corp.*, 751 S.W.2d 473, 477 (Tex. 1988); *Tex. Animal Health Comm'n v. Miller*, 850 S.W.2d 254, 255 (Tex. App.—Eastland 1993, writ denied). Similarly, to preserve an issue for review based on the factual sufficiency of the evidence, a party must submit the issue in a motion for new trial. TEX. R. APP. P. 33.1(a)(1)(B); TEX. R. CIV. P. 324(b); *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex. 1991).

Carter filed a document that was captioned as a motion for judgment notwithstanding the verdict and another document that was captioned in part as a motion for new trial. However, neither of these documents challenged the findings of the jury. Instead, they primarily contained complaints relating to the jurisdictional matters that we have already addressed. Accordingly, because Carter's motions did not call the trial court's attention to the sufficiency of the evidence in support of the jury's findings, they did not operate to preserve error. *See Sierra Club v. Tex. Comm'n on Envtl. Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.) ("[M]otions are judged by their substance rather than their titles.") (quoting *City of McAllen v. Ramirez*, 875 S.W.2d 702, 705 (Tex. App.—Corpus Christi–Edinburg 1994, orig. proceeding)).

We overrule the remainder of Carter's third issue.

### Evidentiary Rulings

In her fifth issue, Carter complains that the trial court erred when it refused to allow her to introduce documents into evidence. Similarly, in her ninth issue, Carter asserts that the trial court "erred in sustaining every objection raised by plaintiff and overruling every objection raised by defendant."

Carter does not cite the portions of the record where the trial court refused to admit the documents that are the subject of her complaint, nor does she cite the

6

portion of the record containing the objections in question. In such a situation, we are under no duty to search the record to identify the alleged errors. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994); *see also* TEX. R. APP. P. 38.1(i) ("The brief must contain . . . appropriate citations . . . to the record."). Instead, a failure to cite to the portion of the record that contains an alleged error generally constitutes a waiver of the issue. *See Matter of Estate of Ethridge*, 594 S.W.3d 611, 617 (Tex. App.—Eastland 2019, no pet.) (overruling issue because "[a]ppellant failed to appropriately cite to . . . the record" in support of the issue).

Carter has provided a description of one of the exhibits in question: a restaurant receipt that was allegedly produced in discovery by AgAmerica, and we have identified the portion of the record that contains a discussion of the receipt. Similarly, Carter has pointed to an exchange relating to this exhibit as containing one of the objections that are the subject of her ninth issue. As such, in the interest of liberally construing Carter's briefing, we will review the assignment of error with regard to this particular exhibit. *See* TEX. R. APP. P. 38.9.

We review a trial court's decision to either admit or exclude evidence under an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Dipprey v. Double Diamond, Inc.*, 637 S.W.3d 784, 815 (Tex. App.—Eastland 2021, no pet.). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241– 42 (Tex. 1985). Likewise, we must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Dipprey*, 637 S.W.3d at 815.

"[I]n order to complain on appeal of a trial court's failure to admit evidence, the complaining party must have made a record of a request and the trial court's failure to grant the request." *Estate of Veale v. Teledyne Indus., Inc.*, 899 S.W.2d

239, 244 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *see also* TEX. R. APP. P. 33.1(a); *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 530–31 (Tex. App.—Dallas 2020, pet. denied) (to preserve error, a party complaining about the exclusion of evidence must attempt to introduce the evidence into the record, respond to objections, obtain a ruling from the trial court, and make a bill of exceptions).

During her cross-examination of Richard Huey Hester, who served as substitute trustee during the foreclosure, Carter described the receipt in question in connection with Hester's denial that he had met with someone named "Mr. Hall" before the foreclosure sale. Carter then asked the trial court if she could "present" the receipt because AgAmerica had already introduced it into evidence. Counsel for AgAmerica then interjected, pointing out that he had only introduced three documents into evidence, and that the receipt was not among them. Following a brief discussion at the bench, which was off the record, Carter resumed her cross-examination. Although Carter arguably sought to introduce the receipt into evidence prior to the bench conference, there is no record showing that counsel for AgAmerica objected to it, as she alleges in her ninth issue. Likewise, the record does not contain the trial court's response to her request to "present" the receipt.

Because Carter failed to preserve error by demonstrating that the trial court refused to admit the receipt into evidence, we overrule Carter's fifth and ninth issues.

*Recusal/Alleged Intimidation at Trial*

In her eleventh issue, Carter complains that the trial court erred when it failed to grant her motion to recuse Judge Davis. The motion in question asserts that Judge Davis acted prejudicially against Carter in connection with several matters that occurred prior to trial. Similarly, in her sixth issue, Carter complains that Judge

8

Davis "threatened and intimidated" her during the trial and that, as a result, she was "afraid to put on a meaningful defense for fear of incarceration."

A. *Recusal*

Rule 18b(b) of the Texas Rules of Civil Procedure states that a judge must recuse in any proceeding in which, among other things, "the judge's impartiality might reasonably be questioned" or when "the judge has a personal bias or prejudice concerning the subject matter or a party." These principles are consistent with our federal and state constitutions, each of which guarantee due process of law. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. 1, § 19; *J.B. Advert., Inc. v. Sign Bd. of Appeals of City of Carrollton*, 883 S.W.2d 443, 448 (Tex. App.—Eastland 1994, writ denied).

"A fair trial in a fair tribunal is a basic requirement of due process." *Thomas v. 462 Thomas Family Properties, LP*, 559 S.W.3d 634, 642 (Tex. App.—Dallas 2018, pet. denied) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009)). Furthermore, although personal bias or prejudice alone is not a sufficient basis to disqualify a judge under the Constitution, the probability of actual bias on the part of a judge may, under appropriate circumstances, be "too high to be constitutionally tolerable." *Id.* at 642 (quoting *Caperton*, 556 U.S. at 877).

We review a motion to recuse for an abuse of discretion. *In re C.J.O.*, 325 S.W.3d 261, 267 (Tex. App.—Eastland 2010, pet. denied). In so doing, we consider the totality of the circumstances and will not reverse an assigned judge's ruling if it is within the zone of reasonable disagreement. *Id.* We note that we do not have a reporter's record from the hearing on the motion to recuse Judge Davis.

In her motion to recuse, Carter makes multiple allegations indicating that Judge Davis was unfair and acted with partiality.

9

First, Carter alleges that Judge Davis refused to consolidate the eviction matter with her wrongful foreclosure action. In a document entitled "Plaintiffs's [sic] Opposition to Letter Motion to Set a Trial Date," Carter included a paragraph that contained a motion to consolidate the two matters. However, there is no indication—as Carter suggests—that the trial court had denied this motion before Judge Sparkman considered the motion to recuse. As such, there was no basis for Judge Sparkman to conclude that Judge Davis had acted unfairly in ruling on the motion.

In any event, the wrongful foreclosure action was pending in the county court. As such, the trial court had no power to consolidate the two actions. *See* TEX. R. CIV. P. 174(a) (allowing consolidation when actions involving a common question of law or fact are both pending before the same court). Furthermore, had the trial court somehow consolidated the actions, Carter's claims for wrongful foreclosure would have converted into counterclaims. Such a practice is expressly prohibited under our rules of procedure. *See* TEX. R. CIV. P. 510.3(e) ("The [justice] court must adjudicate the right to actual possession and not title. Counterclaims and the joinder of suits against third parties are not permitted in eviction cases."); *Estrada v. U.S. Bank Nat'l Ass'n as Tr. to Wachovia Bank, Nat'l Ass'n*, No. 11-22-00240-CV, 2023 WL 8631485, at *2 (Tex. App.—Eastland Dec. 14, 2023, pet. denied) (mem. op.) ("The only issue litigated in a forcible detainer action is the superior right to actual and immediate possession of the property; title to the property is not litigated."); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("The county court's appellate jurisdiction [in a forcible-detainer suit] is generally confined to the limits of the justice court.").

For these reasons, Carter's evidence was insufficient to support recusal insofar as it concerned alleged bias or partiality in denying the motion to consolidate.

10

As an additional basis for recusal, Carter alleged that Judge Davis had ex parte communications with counsel for AgAmerica that resulted in prejudice against her. In support of this allegation, Carter's affidavit makes two conclusory statements: (1) that "[t]he court has had ex parte communications with opposing counsel" and (2) that she "believes [the trial judge] has been conspiring with opposing counsel." However, neither of these statements is sufficiently specific to support Carter's allegations.

An affidavit that does not provide the underlying facts to support the conclusion that is set out therein is conclusory, and therefore insufficient. *See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied) (citing *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.) (summary judgment affidavit)).[3] The statements in Carter's affidavit do not set forth the time(s), place(s), participant(s), or nature of the alleged communications at issue. As such, Carter's affidavit is conclusory and provided the trial court with no evidence of ex parte communications.

Carter also alleged that Judge Davis had refused to set any of Carter's motions for hearing. The motions in question included, among others, the motion to consolidate and a motion for plaintiff's counsel to show authority. Carter also maintained that Judge Davis was giving preferential treatment to AgAmerica's requests for the disposition of its own motions.

Carter filed the motions in question on December 13, 2021. At the same time, Carter filed a document entitled "Plaintiffs's [sic] Opposition to Letter Motion to Set

---

[3]Although the majority of cases addressing the impropriety of conclusory affidavits are summary judgment cases, this principle is equally applicable to affidavits of all types. *See, e.g.*, *Milici v. Corr. Corp. of Am.*, No. 11-03-00373-CV, 2005 WL 673305, at *2 (Tex. App.—Eastland Mar. 24, 2005, pet. denied) (mem. op.) (conclusory affidavits in motion to continue summary judgment hearing insufficient); *Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App.—Eastland 2003, pet. denied) ("Substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient.").

a Trial Date" in which she expressly requested that the court "hold a status conference and schedule the pending motions for a ruling by the court." However, we find no indication that the trial court thereafter set Carter's motions for hearing prior to the hearing on the motion to recuse.

AgAmerica filed a motion to dismiss Carter's claims and to limit the issues for trial on January 26, 2022, and the trial court signed an order granting the motion on the following day. There is no indication that a hearing was held in connection with AgAmerica's motion. Rather, it appears that the trial court dismissed Carter's claims almost immediately after AgAmerica filed its motion, without an opportunity for a response from Carter or a hearing. Carter's affidavit likewise indicates that the trial court had refused to set her motions for hearing, and that Judge Davis had granted the motion to dismiss the day after it was filed.

We have little doubt that Carter's claims were subject to dismissal. As we have already stated, it is improper to assert counterclaims under these circumstances, since the immediate right to possess the property is the sole issue to be determined in an eviction action. *See* TEX. R. CIV. P. 510.3(e); *Estrada*, 2023 WL 8631485, at *2. However, when Judge Davis dismissed Carter's claims without notice or hearing, her actions were contrary to Carter's fundamental rights to due process. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Ibrahim v. Young*, 253 S.W.3d 790, 805 (Tex. App.—Eastland 2008, pet. denied).

Carter does not assert that Judge Davis erred by granting AgAmerica's motion to dismiss. Instead, Carter complains that Judge Davis's decision to rule on the motion to dismiss without notice or a hearing is evidence of preferential treatment and bias. In that regard, Judge Sparkman could have reasonably concluded that, while Judge Davis was acting improperly when she ruled on the motion to dismiss without notice or hearing, Carter's counterclaims were improper in the context of an

12

eviction case, and that the ruling on the motion was therefore not a result of prejudice toward Carter. Judge Sparkman could also have reasonably concluded that, in denying the motion to dismiss, Judge Davis was attempting to provide immediate clarity to the parties regarding the issues that should be prepared for trial. Accordingly, although Judge Davis acted improperly in ruling on the motion to dismiss without notice or hearing, Judge Sparkman did not abuse his discretion when he denied Carter's motion to recuse on that basis.

There was also some evidence that the clerk of the trial court had at one point informed Carter that "the court would not hear [the case] without [Carter] having an attorney." Carter added that "the judge" (presumably, Judge Davis) overheard this remark "and recommended I call Legal Aid," but that she made no attempt to correct the clerk's statement that Carter could not be heard without an attorney. Again, however, Judge Sparkman could reasonably have concluded that Carter had misunderstood the statements that were made by the clerk and/or Judge Davis on this occasion and that both the clerk and Judge Davis were simply trying to provide Carter with options for legal representation. Based on these conclusions, Judge Sparkman could have likewise determined that the alleged communication with the clerk and Judge Davis provided no evidence of bias on the part of Judge Davis.

In short, although there was evidence that Judge Davis acted improperly in granting AgAmerica's motion without hearing, Judge Sparkman could have concluded that Judge Davis's actions were not a result of bias, and that they were instead directed toward ensuring (1) that the eviction trial would proceed in a timely manner, (2) that the issues in the eviction trial would be limited to the narrow confines of Rule 510.3, and (3) that Carter was aware of her options with regard to legal representation. Accordingly, Judge Sparkman did not abuse his discretion when he denied Carter's motion to recuse.

We overrule Carter's eleventh issue.

B. *Alleged Intimidation During Trial*

In her sixth issue, Carter maintains that she was threatened and intimidated by Judge Davis during the course of the trial. Carter does not point to the portions of the record in which she was allegedly "threatened" or "intimidated." As such, although we address portions of her argument below, Carter has otherwise waived the issue. *See Estate of Ethridge*, 594 S.W.3d at 617.

The record indicates that Carter was uncertain about the things she could say in front of the jury, and what questions she could ask of witnesses, in light of the trial court's rulings on AgAmerica's motion in limine. The thrust of her argument appears to be that she did not fully understand the order on the motion in limine, and that as a result she was reluctant to defend herself for fear of being held in contempt.

On multiple occasions during trial, Carter expressed concern that she might somehow unintentionally violate the motion in limine. During a hearing that was held shortly before the trial began, Carter indicated that she was feeling nauseous, and stated that she did not want to be held in contempt of court. She indicated that she had a list of questions and inquired about whether the trial court could look at the list and "say which ones I cannot ask." She then stated that the order in limine was "very complicated" and that it appeared to her that "I can't say anything." In response to these comments, the trial court explained the process by which objections would be made if counsel for AgAmerica believed Carter had violated the motion in limine. The trial court added that this did not mean that the trial court intended to put Carter in jail "the minute that . . . you don't do [something] perfect in this trial." Later, and during the same hearing, the trial court commented that Carter appeared to believe that if she spoke in court, she was "going to jail." The

14

trial court then indicated that, although Carter might be interpreting events in that way, "that is not what I have indicated to you."

Over the course of the trial, only one objection was raised in connection with the motion in limine. During Carter's opening statement, counsel for AgAmerica raised an objection to Carter's statement that a "moratorium" on foreclosures had been placed on her property. The trial court then dismissed the jury, and a discussion was held out of the presence of the jury. As a part of that discussion, counsel for AgAmerica suggested that Carter had just violated the motion in limine. Carter then stated that she did not understand the motion in limine and apologized for introducing the subject. Other than sustaining counsel's objection, the trial court did not take any adverse actions against Carter during this conference.

At no point in the record did the trial court indicate to Carter that she was in contempt, nor did the trial court ever indicate that Carter was in danger of contempt. To the contrary, the record reflects that, while being careful to avoid giving legal advice, the trial court consistently and patiently listened to and responded to Carter's various inquiries concerning the motion in limine and other procedural matters.

We have also examined the trial court's order in limine. The order contains twenty-three items that relate to a wide range of subjects, but none of the individual items appear to be vague. For example, the first item prohibits mention of Carter's claims and defenses in the foreclosure action. We believe that a reasonable person could read and understand the nature of this order.

During the course of the trial, Carter may well have experienced apprehension about the consequences of violating the motion in limine or some other procedural rule. However, we have found no indication that such apprehension was a result of threats or intimidation by Judge Davis. Instead, the record reflects that the trial court

15

acted in a fair and impartial manner throughout the proceedings. *See Thomas*, 559 S.W.3d at 642.

We overrule Carter's sixth issue.

*The Charge*

Carter's seventh issue alleges that the trial court erred by "refusing to even review the jury charge submitted by the defendant." Similarly, Carter's tenth issue alleges that the trial court erred by "failing to instruct the jury on all affirmative defenses, and all defensive issues."

Carter does not point to any particular issues that she contends were omitted from the charge. As such, she has waived any associated error. *See Fredonia*, 881 S.W.2d at 283; *see also* TEX. R. APP. P. 38.1(i).

Furthermore, Carter has failed to preserve error with respect to any issues that were omitted from the charge. Rule 273 of the Texas Rules of Civil Procedure provides that "[e]ither party may present to the court and request written questions, definitions, and instructions to be given to the jury; and the court may give them or a part thereof, or may refuse to give them, as may be proper." TEX. R. CIV. P. 273. To preserve a complaint for failing to secure a requested issue, a party must submit the issue in writing, call the requested issue to the trial court's attention, and secure a ruling. *See Alaniz v. Jones & Neuse, Inc.*, 907 S.W.2d 450, 451–56 (Tex. 1995); *Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 100–01 (Tex. App.—Eastland 2006, pet. denied). The parties are likewise entitled to object to a draft charge that is prepared by the trial court. TEX. R. CIV. P. 271–72. All objections to the charge that are not presented before the charge is read to the jury are waived. *Id.* R. 272.

After the evidence was closed in this matter, the trial court announced that it had reviewed the proposed charges that had been submitted by AgAmerica and by Carter, and also provided a draft charge to the parties. Carter objected to a portion

16

of the charge that submitted issues to the jury regarding attorneys' fees incurred before this court and the supreme court.[4]  Carter then indicated that she did not have any other objections to the charge.

The record demonstrates that the trial court took Carter's proposed charge into consideration when preparing the jury charge, that Carter was presented with the trial court's draft of the charge, and that Carter did not request any additional issues or questions at the time of the charge conference.  Under such circumstances, Carter has failed to preserve any error relating to the charge.

We overrule Carter's seventh and tenth issues.

### Evidence of Carter's Pending Criminal Charge

In her eighth issue, Carter complains that the trial court erred in permitting counsel for AgAmerica to cross-examine her regarding a criminal charge that was pending against her at the time.[5]

During his direct examination of Carter, counsel for AgAmerica asked if she was awaiting trial in Tarrant County for theft of $300,000 and for "exploitation of the elderly and disabled."  Carter did not object to the inquiry,[6] but instead answered by confirming the pending charges.  By failing to object to counsel's line of questioning regarding the criminal charges, Carter waived any error that may have arisen out of the admission of her testimony on that subject.  *See Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) ("Error is

---

[4]This objection was overruled, and Carter's brief does not complain about the trial court's ruling on this objection.

[5]As is the case with all of her other issues, Carter fails to point to the portion of the record that contains the error in question.  *See* TEX. R. APP. P. 38.1(i).  However, we have again located the portion of the record that contains the alleged error and will proceed with an assessment of the issue.

[6]Carter responded to subsequent inquiries about the pending charges by stating that the matter was not relevant.  However, she never made an objection to counsel's line of questions, nor did she seek any other form of protection from the trial court.

17

waived if the complaining party allows the evidence to be introduced without objection."); s*ee also City of Garland v. Wyrick*, 523 S.W.2d 482, 485 (Tex. App.—Eastland 1975, writ ref'd n.r.e.).

We overrule Carter's eighth issue.

## *Conclusion*

We are troubled by the trial court's decision to dismiss Carter's claims without notice or hearing. However, because the scope of an eviction trial is strictly limited to the issue of immediate possession, we conclude that Judge Sparkman did not abuse his discretion when he concluded that Carter failed to demonstrate improper bias on the part of Judge Davis in rendering the order of dismissal. Furthermore, we have found no other error in the record.

## *This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


April 25, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.